Cooper v. Felter.

6L 485
16ap 37

ANN ELIZA COOPER, Executrix, &c., Appellant, v. HENRY D. FELTER and another, Respondents.

(GENERAL TERM, FIRST DEPARTMENT, NOVEMBER, 1872.)

If, upon the presentation of a claim, an executor does not admit or reject it, he must be regarded as disputing it.

A denial of allegations, in a petition to the surrogate, cannot be regarded as allegations of new matter.

It will not be presumed that a claim, against the testator for rent, is for the benefit of his estate; and where no proof of actual benefit is made, or stated, in the petition upon which the surrogate assumes to hear the claim, it is error if he adjudge it a preferred claim under the statute.

Section 6 of the act of 1870 (chapter 359) gives no authority to surrogates to try the claims of creditors which are disputed by an executor.

That section (§ 6) refers to accounts of executors, or administrators, rendered to the surrogate, and was not intended to deprive them of the right of trial of claims, disputed by them, by jury.

APPEAL from a decree of the surrogate of the county of New York. The facts are stated in the opinion of the court.

Present—INGRAHAM, P. J.; BRADY and LEONARD, JJ.

LEONARD, J. The surrogate of New York issued an order in the nature of a summons, bearing date the 17th of Febrary, 1872, requiring Mrs. Cooper, the executrix of the last will of Benjamin F. Cooper, to personally appear before the said surrogate on the 26th of February, and render an account of her proceedings as such executrix, and show cause why the surrogate should not decree payment of the debt of Henry D.

Felter against Benjamin F. Cooper, deceased, upon a lease of premises at 560 Broadway, between Felter and said Benjamin, at the rate of $450, quarterly, being for six months' rent from August 1st, 1871, to February 1st, 1872. And a further similar order was afterward issued to recover for the next ensuing quarter, up to May 1, 1872, when the lease terminated.

The summons was granted upon the petition of Felter, setting forth the same facts, substantially, as are stated in the said order or summons. The petition also stated that the said debt was "entitled to a preference in payment under the statute, it being for the interest and benefit of the said estate that the same be paid." Also, that letters testamentary had been granted to Mrs. Cooper on the 14th of August, 1871, and that the petitioner, Mr. Felter, had demanded payment of the said rent of the said executrix, and although she did not dispute or reject it, that she had neglected to pay it.

·On the 26th of February, 1872, Mrs. Cooper attended before the surrogate and interposed an answer, denying, among other matters, that the said Felter was a preferred creditor, or that he had made any proper demand, or that there was any credible evidence of any lease between Mr. Felter and the deceased. She denied that the deceased was of sound mind at the time of the alleged leasing, or that the premises were of the rental value claimed; she denied that she had knowledge or information sufficient to form a belief of the truth of the averments of the petition, and therefore denied that any valid or binding agreement had been made by the decedent; denied that it would be a benefit to the estate to give preference to said claim, and she submitted that she should not be required to consider the claim until properly presented by Felter as a creditor.

The surrogate heard the proof offered by the said claimant on the 7th of March, 1872. The renting of the premises in July, 1871, for nine months from August 1, at the rate of $1,800 per annum, payable quarterly; the possession of the deceased for a few days before his death in July, when he was engaged in putting the premises in order for occupation; a demand for the rent in September, 1871, to which the execu-

trix replied that it was in the hands of her lawyer, was proven before the surrogate; but no affidavit or other proof of the claim was proven to have been submitted to the executrix prior to the commencement of the said proceeding.

Substantially the same proceedings were instituted in May for the last quarter's rent, and a like petition and answer were filed, but no further evidence appears to have been taken.   On the 23d of May, 1872, the surrogate decreed that the said executrix pay the said demand, with interest, amounting to $1,378.28, and an allowance to the proctor for said Felter of $75, " for and in lieu of all costs." The executrix appealed from this decree to the General Term of the Supreme Court.

It must be conceded on the pleadings that the claim is a disputed one.   It was held by the Court of Appeals in *Tucker* v. *Tucker* (4 Keyes, 149), that when a demand was presented to an executor or administrator and not rejected or admitted, and no offer made to refer, it must be regarded as a disputed demand.   That the executor or administrator could not be permitted to occupy an equivocal position.   If not admitted, the claim was to be considered as having been rejected.

. It was also decided in the same case that the surrogate had no jurisdiction to try or determine any disputed claim—not even by the consent of parties.   Several cases previously decided in the Supreme Court, to the same effect, are cited with approval.

There was a denial by Mrs. Cooper as to the preference claimed; a denial of any demand; a denial of any valid lease; and a denial that the preference claimed would benefit the estate.   There are other *denials*, but as there are no corresponding averments in the petition, the denials cannot properly be regarded as formal allegations of new matter.

The answer to the supplemental petition is in sufficiently proper form to constitute an allegation of the insanity of the decedent; and the denial of the lease and of the demand for payment are also duly and properly stated.

The evidence entirely fails to prove a demand of payment after any rent became due. The demand was in September, according to the evidence, but no rent was due until November. The executrix offered no evidence. No evidence was offered that any advertisement had been made for the production of claims, and the estate was not for that reason prepared for a final accounting.

Indeed, it is not claimed that the matter was heard upon a final accounting. The right to be paid is put upon the ground that the claim is entitled to a preference. It is claimed that it is a preferred demand because it is for rent. The statute requires that the payment of rent, as a preferred demand, must be made to appear to be for the benefit of the estate. (3 R. S., p. 174, 5th ed., § 34.) No proof was offered, and not a fact was stated in the petition tending to prove that the estate would be benefited by the payment. The forfeiture of a valuable lease, or the necessity of storing merchandise belonging to the estate, if proven, might tend to show that the payment would be beneficial. But no such allegation or proof, nor any equivalent proof, was offered.

It is claimed that jurisdiction has been conferred on the surrogate to hear and determine disputed claims by an act of the Legislature, passed in 1870. (Sess. L., chap. 359, vol. 1, page 826.) Jurisdiction is given by section six of that chapter to appoint a referee, in any accounting or proceeding in a Surrogate's Court, in the city of New York, to take testimony, to examine accounts rendered to said surrogate, to hear and determine disputed claims and other matters relating *to said accounts*, and to make report thereon, subject to the confirmation of the surrogate.

There was no account or accounting attempted before the surrogate in this case. An accounting is mentioned in the order or summons to appear, but the evidence is wanting to prove that an accounting by the executor was intended as any part of the proceeding, and nothing was proven to justify any preference over other claims against the estate.

But section six refers to disputed claims and other matters

relating to accounts rendered to the surrogate. Such accounts are the accounts of the executor or administrator, rendered to the surrogate, and not the accounts of creditors of the estate. The Revised Statutes have provided the mode of adjusting and deciding disputed claims of creditors against the estate of deceased persons. The creditor may be required by the executor to furnish vouchers for his claim, or to make affidavit that it is justly due. (3 R. S., 5th ed., p. 175, § 40.)

If the executor doubt the justice of any claim presented, he may agree with the claimant to refer it. (§ 41.)

If the creditor exhibit a claim which the executor disputes or rejects, and does not offer to refer, the creditor shall within six months, if the claim is due, commence a suit for the recovery thereof or be forever barred. (§ 43, p. 176.)

It was never intended by any statute to deprive the executor, or the creditor, of the common-law remedies, or defences to an action, or of a trial by jury, in regard to a disputed claim against the estate of a deceased person. The right of trial by jury cannot be taken away by statute, except in the case of a claim involving a long account. Such a claim must, also, be recovered by an action at law, in case the executor or administrator disputes it, and will not agree to refer it. A statute cannot lawfully deprive an executor or administrator of these rights, nor confer such jurisdiction upon a surrogate as would amount to a denial of these constitutional rights.

The allowance to the proctor falls, of course, with the judgment. The ninth section of chap. 359 authorizes the surrogate to make allowances in lieu of costs, to counsel, in proceedings before him, in the manner prescribed by the Code of Procedure in civil actions.

The order must be reversed, with costs.