JOHN A. LAMBERT, as Executor, etc., Respondent, *v.* HORACE CRAFT et al., as Executors, etc., Appellants.

Where a claim against an estate is presented, in proper form and duly verified, to the person and at the place named in the statutory notice to creditors given by executors, and after a reasonable opportunity to examine into its validity and fairness, the executors do not offer to refer on the ground that they doubt its justice, or do not dispute it, it acquires the character of a liquidated and undisputed debt against the estate.

*Tucker* v. *Tucker* (4 Keyes, 136; *S. C.,* 4 Abb. Ct. of App. Dec. 428) ; *Hoyt* v. *Bonnett* (50 N. Y. 538), distinguished.

Although where application is made by the creditor, by petition to the surrogate to direct payment of such a claim, it is in the power of the executors under the provisions of the Code of Civil Procedure (§§ 2717, 2718), to divest the surrogate of jurisdiction and put the claimant to his proof in another court ; if they fail to do this, it is only necessary for·the surrogate to be satisfied by proof, that there is personal property of the estate applicable to the payment or satisfaction of the claim, and which may be applied without injuriously affecting the rights of others (§ 2718, subd. 2):

An oral plea of a general denial in answer to the petition is ineffectual for any purpose.

*It seems* that in any case as the jurisdiction of the surrogate to direct payment of a debt is confined to undisputed claims, the petitioner is neither required to state the facts which go to make out his debt, nor if stated, will he be permitted to establish them. The presentation of the petition, and the citation issued thereon (§ 2516), bring in the executor, not to plead or respond to the petition, but by a verified written answer to set forth affirmatively facts, if any exist which show " that it is doubtful whether the petitioner's claim is valid and legal," and also " denying its validity or legality absolutely or upon information and belief." The answer must meet both requirements to require a dismissal of the petition.

(Argued February 4, 1885 ; decided March 3, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made May 13, 1884, which affirmed a decree of the surrogate of the county of Queens, directing defendants, as executors of the will of Joseph Craft, deceased, to pay claim against the testator's estate.

The petition alleged, and it appeared that plaintiff's claim was presented at the time ·and place stated in the statutory notice to creditors to one of the executors, who was named in said notice as the person to whom claims should be presented. That the claim was not rejected, disputed or paid. The claim was against the testator as executor of the will of Horace Wright.

Further facts appear in the opinion.

*Hal Bell* for appellant. To justify the decree made in favor of the petitioner he was bound to establish two things. The existence of a lawful claim in favor of Hannah Lambert, deceased, against the estate of Horace Wright, deceased, and that funds applicable to the payment of that claim came into the hands of Joseph Craft, as executor of Horace Wright, deceased. (*Baylis* v. *Swartout,* 4 Redf. 395 ; *Matter of Bentley,* 16 Abb. Pr. 89 ; Redfield's Law and Pr. of Surr. Cts. [3d ed.] 567 ; *Colter* v. *Quinlan,* 2 Dem. 29 ; Code of Civ. Pro.; § 2718, subd. 2.) The mere presentation to an executor of an estate of a claim against his decedent, and the omission of the executor to declare his rejection thereof does not establish the validity of the claim. (*Cooper* v. *Felter,* 6 Lans. 485 ; *Tucker* v. *Tucker,* 4 Keyes, 149 ; *Colter* v. *Quinlan,* 2 Dem. 29 ; *Hoyt* v. *Bennett,* 50 N. Y. 538 ; *Proude* v. *Wheton,* 15 How. 304.) The burden is upon the petitioner to prove the validity of his claim. (Redfield's Law and Pr. of Surr. Cts. [3d ed.] 566.) The insolvency of Hamilton, being established, is presumed to continue. (*Wilkins* v. *Earle,* 44 N. Y. 172.) One executor, without fault on his part, cannot be held liable for the negligence, wrong or waste of his co-executor. (*Croft* v. *Williams,* 88 N. Y. 384 ; *Ormiston* v. *Olcott,* 84 id. 339 ; Redfield's Law and Pr. of Surr. Cts. [3d ed.] 517.) A claim such as is here sought to be enforced will be carefully scrutinized and examined by this court ere it is permitted to be enforced. (*Kearney* v. *McKeon,* 85 N. Y. 137 ; *Kyle* v. *Kyle,* 67 id. 401.) Had a written verified answer, casting doubt of the validity of the claim been interposed, the surrogate must have dismissed the petitions. (Code of Civ. Pro., § 2718 ; *Matter of Macaulay,* 94 N. Y. 574.) If, under the peculiar circumstances of this case, the surrogate had jurisdiction to try the questions raised by the claim and petition and receive the evidence he was still bound not to render a decree as of course, upon the claim, petition and oral answer in favor of the petitioner, but to render such a decree in the premises as justice requires. (Code of Civ. Pro., § 2718 ; *Matter of Macaulay,* 94 N. Y. 574 ; *Kyle* v. *Kyle,* 67 id. 401 ; Red-

field's Law and Pr. of Surr. Cts. [3d ed.] 566; *Ruthven* v. *Patten*, 1 Rob. 416.) As all the assets had been administered more than two years before this proceeding was commenced, and there is no contention but they were rightfully administered, this judgment should not be permitted to stand. (Redfield's Law and Pr. of Surr. Cts. [3d ed.] 534; *Erwin* v. *Loper*, 43 N. Y. 521; *Mandeville* v. *Reynolds*, 68 id. 528.) A reasonable time must be allowed executors in which to admit or reject a claim. (*Underhill* v. *Newburger*, 4 Redf. 499; *Estate of Hecht*, 3 L. Bul. 32.) No offer was made by petitioner to refer the claim; this he was bound to do. (Redfield's Law and Pr. of Surr. Cts. [3d ed.] 540.) It is clear from the petition, and the record that this proceeding was brought under sections 2722, 2723, 2727 and 2743, and not under sections 2717 and 2718 of the Code of Civil Procedure; and that upon the hearing the surrogate changed it from a proceeding under the former to a proceeding under the last-named sections. In this he was in error, as the two proceedings are entirely distinct, and cannot be consolidated. (1 Redfield's Law and Pr. of Surr. Cts. [3d ed] 567; *Baylis* v. *Swartout*, 4 Redf. 395.) Upon this appeal the court cannot and ought not to consider for a moment whether this fund was distributed or paid to the proper parties. (*Erwin* v. *Loper*, 43 N. Y. 521; 1 Redf. on Surr. Pr. [3d ed.] 534.] If there is any presumption to be indulged, it is that that distribution was proper and valid in all respects. (*Mandeville* v. *Reynolds*, 68 N. Y. 528.) No proof that the bond and mortgage ever, in fact, came into the hands of the appellant was offered, and had it been, it could not properly have been received, for the petition in this proceeding was not framed under section 2606 of the Code, which alone authorizes such an inquiry, nor was this proceeding one to require an accounting of the executors of a deceased executor. (*Scofield* v. *Adriance*, 2 Dem. 486; *Wood* v. *Crooke*, 5 Redf. 381; *Le Count* v. *Le Count*, 1 Dem. 29; *Maze* v. *Brown*, 2 id. 217; *Brunnell* v. *Ranney*, id. 327.)

*O. D. M. Baker* and *Peter M. Baum* for respondent. Had the executors desired to contest the claim they could have terminated the proceeding before the surrogate at any time by filing a "written" answer, duly verified, setting forth facts which show that it is doubtful whether the petitioner's claim is valid and legal, and denying its validity or legality. (Code, § 2718; *Hurlburt* v. *Durant*, 88 N. Y. 122; *Fiester* v. *Shepard*, 92 id. 251.) The indefinite oral denial was not sufficient. (*Estate of McKiernan*, 4 Civ. Pro. 218.) Assuming that the appellant could have answered orally, the denial in this case was insufficient in not " setting forth facts " which would show the claim doubtful. (*In re Macaulay*, 94 N. Y. 574.) The presumptions are all with respondent. (*Dalzel* v. *Raw*, 1 T. & C. Add. 4.) Presentation to one of two or more executors is presentation to all. (*Genet* v. *Binsse*, 3 Daly, 239.) Being presented, it stood as valid until disputed by the executors. (*Gansevoort* v. *Nelson*, 6 Hill, 389 ; *Russell* v. *Lane*, 1 Barb. 519.) It was not disputed or rejected. (*Hayt* v. *Bennett*, 50 N. Y. 538; *Elliot* v. *Cronk*, 13 Wend. 39.) There was no necessity for a statement in the petition of the extent or character of the claim. (Code, § 2718, subd. 2; *In re Macaulay*, 94 N. Y. 574.) Whether the proceeding was for a final accounting or for the payment of the petitioner's debt by the executors the citation in either case went only to the executors. (Code, §§ 2717, 2726, 2727.) In either form of the proceeding the executors could have raised the question of the validity of the petitioning creditor's claim. (Code, § 2718.) The conceded wrongful disposition of over $4,000 of the assets of the estate by the executors obviated any necessity for further inquiry by the surrogate, and was ample to satisfy him as to there being money or other personal property applicable to the payment or satisfaction of petitioner's claim to about $1,400. (Code, § 2718, subd. 2.)

DANFORTH, J. There can be no doubt but that it is within the province of a surrogate, upon petition by a creditor, to direct payment of his debt. A power to do so is conferred by

statute (Code, §§ 2717, 2718), and the only question in this case is whether it has been exercised as there prescribed. If we looked further it might be difficult to say that substantial justice had been done by the decree. The appellant is at least justified in asserting that the claim is larger than any evidence in the record would seem to warrant, but it must be kept in mind that as the surrogate cannot pass upon disputed claims (*McNulty* v. *Hurd*, 72 N. Y. 520; *Glacius* v. *Fogel*, 88 id. 434; *Fiester* v. *Shepard*, 92 id. 251), so the petitioner is neither required to state the facts which go to make out his debt, nor if stated, would he be permitted to establish them. Jurisdiction of the surrogate is confined to undisputed claims and is acquired by the presentation of a petition (Code, § 2516) by a creditor, asking for payment of his debt, and that the executor may be cited to show cause why a decree to that effect should not be made (§ 2717). The citation (§ 2516) brings in the executor, not to plead or respond to the petition, but by a verified written answer to set forth affirmatively facts, if he has any, which show that it is doubtful whether the petitioner's claim is valid and legal, " and also " denying its validity or legality, absolutely or upon information and belief. Both conditions must concur. (§ 2718; *In re Macaulay*, 94 N. Y. 574.) These provisions assume that the claim has either been adjusted, or that the executor has such knowledge of it as will permit his assent to its payment, or enable him, by raising some doubt as to its validity, to cause a dismissal of the proceeding and drive the claimant to his action in a court having jurisdiction to try disputed claims. (§§ 2717, 2718; *Hurlburt* v. *Durant*, 88 N. Y. 122; *Fiester* v. *Shepard, supra; In re Macaulay, supra.*)

It is apparent also that the claim of the petitioner was not only in substance, but in form, the same as that presented to the executors, and as is alleged, neither disputed nor rejected by them. Upon this proceeding to compel payment, they appeared not only in person, but by counsel, and their silence, when called upon by the citation to speak as to both matters, is a strong admission by conduct of the justice of the

demand, and as conclusive as if proven by witnesses. It is also made more effective by the fact that one of the executors had a direct personal interest in the estate out of which payment was required (*Gansevoort* v. *Nelson*, 6 Hill, 389), and that their counsel upon this occasion was the same who appeared for Joseph Craft in the matter of Wright's estate, out of which the claim is stated to have arisen.

We have, however, only to ascertain whether the surrogate exceeded his jurisdiction in making the decree complained of. The general scheme of the statute (2 R. S., tit. 3, part 2, chap. 6, art. 2) is to bring the entire estate of a deceased person under the supervision of the surrogate. Preferences with few exceptions are abolished and means provided for ascertaining all debts existing against the estate, in order that the sufficiency of assets may be determined, and in case of deficiency a *pro rata* distribution of them made. To that end a publication of notice for the presentation of claims against the estate of a deceased person was provided for, with an exhibition of vouchers, if required by the executors, besides an affidavit of the claimant to the effect that the claim was justly due, that no payment had been made and no offsets existed thereto. Moreover, after all that had been done, if the executor even doubted the justice of the claim, a reference might be required, and if the claim so presented was disputed or rejected, the claimant was compelled within six months — the debt being or becoming due — to commence a suit for its recovery, " or be forever barred from maintaining any action thereon." In all these things a speedy and complete adjustment of claims was contemplated.

The object of the earlier provisions of the statute (§§ 34, 35) was to compel the creditors who claim to have debts due from the estate to present them to the executor or administrator for allowance or rejection, so that he might know what claims existed and the validity of them. It is also the object of other provisions (§§ 36, 37, 38 ; Code, § 1822) to secure a prompt and inexpensive method of disposing by trial of such claims as were doubted, disputed, or rejected. But the scheme so admirably

contrived would be imperfect if it did not secure to the creditor some corresponding advantage. If, therefore, after a reasonable opportunity for examination into the validity and fairness of a claim so presented, the executor does not offer to refer it on the ground that he doubts its justice, or disputes it as unjust, it acquires the character of a liquidated and undisputed debt against the estate. This should be so on principle, and *Under-hill* v. *Newburger* (4 Redf. 499), and *Magee* v. *Vedder* (6 Barb. 352) are to that effect. I am aware of no authority to the contrary. The cases cited by the appellant are not to be excepted. In *Tucker* v. *Tucker* (4 Keyes, 136 ; *S. C.*, 4 Abb. Ct. of App. Dec. 428) there was evidence that the claim was disputed, and the learned judge so prefaces his opinion. When presented the claim was not admitted, and in a few days thereafter the administratrix declared to the creditor that "they did not consider it a legal claim and had no right to pay it," and upon the accounting its allowance was opposed and the claim actually controverted. In *Hoyt* v. *Bonnett* (50 N. Y. 538) the executors informed the creditor that they declined to pay the claim, but asked for further information. In the first case the court held that the claim was disputed and the surrogate deprived of jurisdiction to determine it. In the last, that the refusal to pay was so far qualified that it did not amount to a rejection of the claim. Neither applies here.

In the case before us the executors gave the statutory notice, naming Horace Craft, one of their number, as the person, and his residence as the place where the claims should be presented. On the 1st of June, 1883, the one in question was presented in proper form, duly verified, to the person, and at the place, named. It was received by him, but neither rejected, disputed, nor paid. One month elapsed before these proceedings were instituted, and by the citation the executors were required to show cause why it should not be paid. The return day was sixteen days later. Under these circumstances the executors are either chargeable with knowledge of the fairness of the claim, or were bound to some degree of active diligence in ascertaining whether it was just, and their silence might

well be deemed a substantial allowance of it as a debt to be paid in due course of administration. It is difficult to suppose that either as executors or individuals they would have failed to make some defense, or at least raise a doubt or objection to it, if they had not possessed actual information that none existed.

Even if we apply to the claim the principles upon which in ordinary dealings an account rendered is made an account stated, the result would be the same. It is well settled that it becomes such from the presumed approbation or acquiescence of the parties, unless an objection is made thereto within a reasonable time. (1 Story's Eq. Jur., § 526; *Lockwood* v. *Thorne*, 11 N. Y. 170; 18 id. 285.) These cases no doubt also show that this assent is no estoppel. It establishes *prima facie* the accuracy of the items without other proof, and the opposite party is bound to show affirmatively a mistake or error. This could not be done before the surrogate, for he had no jurisdiction when the claim was disputed. But it remained in the power of the executor by answer within the sections of the Code before referred to (§§ 2717, 2718) to put the claimant to his proof in another court. Failing to do this it was only necessary for the surrogate to be satisfied by proof that there was money or other personal property of the estate applicable to the payment or satisfaction of the claim under the conditions mentioned in § 2718, sub. 2. He reached this conclusion upon evidence that personal estate and property came to the hands of the executors to the amount of $4,413.28. It also appeared that there remained in the hands of the decedent, as executor of the estate of Horace Wright, a bond and mortgage of $3,000. This was enough if undisputed. The executors might have had an accounting and shown, if it were true, that these funds had in some legal way been disposed of, or that other debts existed. But they did not apply for an accounting, nor did they show the existence of other debts.

We are reminded by the appellant that the record shows that the executors interposed orally the plea of a general denial in answer to the petition. This is not much insisted upon.

It is obviously of no moment.   It lacked every element which the statute (§ 2718, sub. 1) required.   It was not in writing, nor verified, it stated no fact, nor did it deny the validity or legality of the petitioner's claim.   The parties did not suppose it had the effect of an answer under the statute.   The controversy before the surrogate went no further than a dispute as to whether or not the service of notice of claim was upon the proper person. It clearly was.   Not only is service on one of two executors enough (*Knapp* v. *Curtiss*, 6 Hill, 388), but as we have seen it was here made upon the one appointed to receive it.   With evidence before the surrogate of a conceded debt and funds sufficient for its payment, it cannot well be said that the decree made was not such as justice required.   It has been approved by the General Term, and we find no error which requires a different conclusion.

The judgment appealed from should, therefore, be affirmed. All concur.

Judgment affirmed.