IN THE MATTER OF THE JUDICIAL SETTLEMENT OF THE ACCOUNTS OF JOHN J. P. READ, AS ADMINISTRATOR, ETC., OF ELIZABETH READ, DECEASED.

*Power of a surrogate to compel an administrator to account — when he may pass upon*
*the validity of a release executed to the administrator by the next of kin.*

On May 18, 1875, letters of administration upon the estate of one Elizabeth Read were issued to one John Read, the said John and one E. A. S. Rockwell being the only children and next of kin of the deceased. In July, 1885, the said Rockwell presented a petition to the surrogate praying for a judicial settlement of the accounts of the administrator, which was resisted by the administrator upon the ground that the petitioner, by an instrument in writing, signed and sealed, had released the administrator from all claims and demands in her favor, and from all liability and accountability as such, and that she had no right to or interest in the estate or to compel him to account.

The petitioner replied that she had no knowledge or information that she had ever signed a release, and denied the execution of any such paper, and, for a second reply, averred that her signature to the said release was procured by misrepresentation and fraud.

Upon the hearing the administrator produced a release in writing, under seal, executed in the presence of two witnesses, and proved the payment of all debts and funeral expenses. No other evidence being offered the surrogate ordered the administrator to render an account of his proceedings.

*Held,* that the order should be affirmed upon the grounds:

*First.* That the surrogate had jurisdiction to order the accounting upon the petition of the petitioner as she was one of the next of kin.

*Second.* That the petitioner might demand an accounting for the purpose of ascertaining the condition of the accounts, at the time she executed the release, that it might appear upon the trial of an action brought to determine the validity of the release what the true state of the accounts were.

As to that the Surrogate's Court had the power to determine the validity of the release, that being essential to the making of a decree determining who was entitled to the funds in the hands of the administrator.

APPEAL from an order of the surrogate of Erie county requiring John J. P. Read, the administrator of the estate of Elizabeth Read, the decedent, to render an account.

Letters of administration were issued upon the estate of the deceased on the 18th day of May, 1875, and her only children and next of kin were the said administrator and E. A. S. Rockwell. In July, 1885, the latter presented a petition to the surrogate stating, among other things, that the administrator had never rendered an account of his proceedings, and prayed for a judicial settlement of his accounts, and that the administrator might be cited for that purpose. Proper process was served upon the administrator, and on the return day he appeared and filed an answer in writing, the only objection made to rendering an account was that the petitioner, by an instrument in writing, signed and sealed, released the administrator from all claims and demands in her favor, and from all liability and accountability as such administrator, and the administrator averred that she had no right, title or interest to said estate, and no right whatsoever to require him to render an account of his proceedings as such administrator. To this answer the petitioner made reply that she had no knowledge or information that she ever signed a release, and denied the averment in the action that she had executed a paper of that import; and as a second and further reply that the signature to the said release was procured by misrepresentations and fraud, and was signed by her without knowledge of its contents and without consideration therefor.

Upon the adjourned day the administrator presented a release in

writing and under seal, executed in the presence of two witnesses, containing a recital that Read had been appointed administrator of the goods and credits of the deceased, and that the petitioner and the administrator were the only children, heirs-at-law and next of kin of the said deceased; the clause containing the release was in the following words: "Now, in consideration of the sum of one dollar to me in hand paid by said John J. P. Read, the receipt whereof is hereby acknowledged, I do hereby release and discharge him from all claims and demands which do now, or may hereafter, exist or arise in any manner whatsoever in my favor, or in favor of my heirs, executors, administrators or assigns, and from all liability or accountability for any act done, or to be done by him, as such administrator."

The petitioner admitted that the signature to the release was her own genuine signature, and the administrator then proved that all the debts and funeral expenses had been paid. No other fact being proved, or offered to be proved, the surrogate made an order that the administrator render an account of his proceedings on a day named, and that he appear at that time before the said surrogate, and attend from time to time, for the purposes of rendering said account. To this ruling the proper exceptions were taken, and from the order the administrator brings this appeal.

*O. O. Cottle*, for the administrator, appellant.

*H. J. Swift*, for E. A. S. R. Rockwell, petitioner, respondent.

BARKER, J.:

The important legal proposition presented by this appeal is whether the Surrogate's Court has jurisdiction to try and determine the question of fact relative to the validity of the release. By the provisions of the Code of Civil Procedure, defining the power of the Surrogate's Court, power is conferred by upon that tribunal, among other things, to direct and control the settlement of the account of administrators and to enforce the payment of debts and legacies, and the powers so conferred are to be exercised in the cases and manner enumerated in sections 2717, 2718, 2719. After the period of eighteen months has elapsed from the granting of administration he may be called upon to make a judicial settlement

of his accounts and proceedings by any person interested in the estate or funds which came to his hands in his representative capacity. The course of procedure in a proceeding of this character is marked out in article 2,. title 4, chapter 18 of the Code of Civil Procedure. No question is made but that the court possessed jurisdiction of the subject-matter.

The objection made by the appellant to granting the order requiring the administrator to make an account is based upon the admitted fact, that the petitioner executed an instrument releasing the administrator from all her interest in the personal estate and exempting him from the statutory liability to render an account, and that the Surrogate's Court is without jurisdiction to declare the instrument void for the reason set forth by the petitioner. Therefore, so long as that instrument stands it is conclusive that she has no interest in the estate, and he should not be called upon to account upon her demand.

The jurisdiction of Surrogate's Court is wholly statutory. The powers which it possessed under the Revised Statutes are discussed and fully set forth in the opinion of the court in *Riggs* v. *Cragg* (89 N. Y., 490), to which reference is made. In this connection read *Lambert* v. *Craft* (98 N. Y., 347); *Fiester* v. *Shepard* (92 id., 254) may be consulted, where the court gave expression as to the extent of the rule existing before the provisions of the Code, that Surrogates' Courts had no power to adjudicate on the validity of a debt on the petition of a creditor and legatee when its validity was disputed. As to the power of the court to try the question of the validity of the release, consult *Harris* v. *Ely* (25 N. Y., 138), where the court, without deciding the question, expresses the opinion that the surrogate had power to determine questions of this character. See, also, the case of *Clock* v. *Chadeagne* (10 Hun, 97), where the court went upon the supposition that upon an accounting, questions of this character might be adjudicated by the surrogate.

After an accounting is had and the amount of the funds subject to distribution is determined, then, under the provisions of section 2743, the court can decree to whom the same shall be paid, and upon that hearing, for the purpose of determining that question, the surrogate may determine the validity of the release; the question is of the same character as the one which would arise upon the

presentation of a simple receipt should the genuineness of the signature of the next of kin be in question, or whether a voucher, good in form, had not in fact been delivered, or if it was claimed by the administrator that one of the next of kin had sold and assigned all his interest in the estate. If questions of this character cannot be tried in Surrogates' Courts when an issue is raised on such questions, then it deprives the Surrogate Court of the power to order an administrator or executor to render an account. The jurisdiction conferred by statute is very broad, and the intention was to confer upon that tribunal the power to order distribution among the next of kin of the decedent. All incidental issues necessary to determine how the account should be made and stated and to whom it should be paid, may be investigated and tried by the surrogate.

It was held in the case of *Riggs* v. *Cragg* (*supra*), that the surrogate might determine the validity of the will when the proper parties were before him. That is where the right of a legacy depends upon the question of construction, etc., the surrogate has jurisdiction under the broad ground of the power conferred upon him to investigate that question. (See the cases cited on page 492.) There is no pretense that the administrator here ever rendered an account. The defense of the statute of limitation may be disposed of upon the authority and upon the suggestions contained in *Clock* v. *Chadeagne* (10 Hun, 97, *supra*), that the question was not presented by the answer raised on the hearing before the surrogate. The petitioner was allowed to amend her petition by inserting that she was surety on the administrator's bond and claimed the right to demand an accounting for that reason as provided in section 2726.

This memorandum is made after an examination of all the authorities, and I have reached the conclusion that the case should be disposed of by affirming the order and upon the grounds :

*First.* That the surrogate has jurisdiction to order the accounting upon the petition of the petitioner, as she was one of the next of kin.

*Second.* And that she may demand an accounting for the purpose of ascertaining the condition of the accounts at the time she executed the release, and that it may appear upon the trial of the validity of the release what the true state of the accounts were and that the Surrogate's Court has the power to determine the validity

of the release, that being essential to the making of a decree determining who is entitled to the funds in the hands of the administrator.

Ten dollars costs and disbursements allowed the respondent, to be paid by appellant.

SMITH, P. J., HAIGHT and BRADLEY, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.