NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—August, 1886.

MATTER OF SELLING.

*In the matter of the estate of* ERNESTINE SELLING, *deceased.*

Code Civ. Pro., § 2719—providing for a decree directing payment of a legacy before the expiration of a year from the issuance of letters testamentary, upon the proof of certain facts therein specified, and the filing of a bond described—has no application to the case of a legacy, or instalment thereof, which the will expressly directs to be paid within such year. But the executor may require a bond to be executed in conformity to the provisions of 2 R. S., 90, § 44.

In response to a petition for a decree directing payment of an instalment of a legacy, amounting to $500, after the same had become payable by the terms of the will, the executor filed an answer setting forth, upon information and belief, that petitioner had unlawfully come into possession of four bonds, of the value of $4,000, *formerly belonging* to decedent, of which respondent was entitled to the possession as executor,

and had unlawfully converted the same, and refused to transfer them, or to pay their value; and that an action was pending between the parties "for the recovery of said bonds or their value."—

*Held,* that the answer was insufficient as a defence, under Code Civ. Pro., § 2718, subd. 1.

PETITION for payment of legacy.

KURZMAN & YEAMAN, *for petitioner.*

LAUTERBACH & SPINGARN, *for executor.*

THE SURROGATE.—By the will of this testatrix, there is bequeathed to her son Joseph a legacy of $1,700, payable in instalments. An application is made by this legatee for an order directing the executor to pay him the first instalment, amounting to $500. The testatrix died in March, last, and her executor received letters in April. He insists that, as a year has not yet elapsed since he qualified, the petition should be dismissed for its failure to allege the existence of such a state of facts as, within the restrictions of § 2719 of the Code of Civil Procedure, can alone justify the direction for which the petitioner prays.

This contention is, it seems to me, unsound. To the case at bar § 2719 has no application. It is the object of that section to provide that, under certain specified circumstances, an executor may be required to pay a legacy in whole or in part, even before the expiration of a year, and even though the testator has given no direction for early payment, provided that such payment is necessary for the support and education of the legatee.

Here the testatrix expressly provides that, in three months after her decease, the petitioner shall receive $500, on account of his legacy. It is declared by

§ 44, tit. 3, ch. 6, part 2 of the R. S. (3 Banks, 7th ed., 2300), that in case a legacy is directed by testator to be paid within a year succeeding the grant of letters, the executor may require a bond with two sufficient sureties conditioned that if any debts against the deceased shall duly appear, which there shall be no assets or insufficient assets to pay without resorting to such legacy, the legatee shall refund in whole or in part as circumstances may require.

Upon the revelations of the petition and answer, I find nothing in the apparent condition of the estate, to deter me from granting the order prayed for, except the allegation of the respondent upon information and belief that the petitioner " on or about the 17th day of March, 1886, wrongfully came into possession of four bonds " (specifying certain bonds stated to be of the value of $4,000) *formerly belonging* to the said Ernestine Selling, deceased, to the immediate possession of which this deponent as the executor of the estate of the said Ernestine Selling, deceased, is entitled, and has unlawfully converted and disposed of the said bonds to his own use, and wrongfully refuses to transfer the said bonds or to pay their value to said estate. The respondent further alleges the pendency in the Supreme court of an action between himself as executor and this petitioner " for the recovery of said bonds or their value."

It appears, by a memorandum attached to the brief of petitioner's counsel, that his client has interposed to the respondent's complaint an answer wherein he denies its material allegations. It seems to me that, in spite of this denial, I should be bound to dismiss

the petitioner's application, without prejudice to an action or to an accounting, if that application were met by an answer conforming to the requirements of § 2718 of the Code of Civil Procedure (Smith v. Murray, 1 *Dem.*, 34). Those requirements are not met by the answer already filed (Lambert v. Craft, 98 *N. Y.*, 342). The executor is allowed five days within which to interpose another; otherwise an order may be entered granting the petition upon the execution of a proper bond.