*In re* LYMAN'S ESTATE.

(*Supreme Court, General Term, First Department.* October 24, 1890.)

EXECUTORS AND ADMINISTRATORS—ALLOWANCE OF CLAIMS.

On petition for payment of judgments recovered against a decedent in his lifetime, the answer of the administratrix denied that the estate was indebted to petitioner, and denied the validity of his claim; and it alleged that the notes on which the judgments were recovered by default were given as collateral security, and that, on a part of other collateral security given by the intestate for the same pretended debt, petitioner had realized by sale thereof a large sum, for which he had not accounted, and which was applicable to the claim, if any existed. *Held*, that the claim was "doubtful," within Code Civil Proc. N. Y. § 2718, subd. 1, requiring the surrogate to dismiss such a petition on the filing of a verified answer "setting forth facts which show that it is doubtful whether the petitioner's claim is valid and legal, and denying its validity or legality."

Appeal from surrogate's court, New York county.

Petition by the Stuyvesant Safe-Deposit Company for a decree of the surrogate for payment out of the estate of Samuel Lyman, deceased, of two judgments recovered against Lyman in his life-time by one De Forest Fox, and by him assigned to the petitioner. The administratrix of the estate of Lyman filed a verified answer to the petition. Code Civil Proc. N. Y. § 2718, provides that, upon the presentation of such a petition, "the decree must dismiss the petition, without prejudice to an action or an accounting, in behalf of the petitioner, * * * where the executor or administrator files a written answer, duly verified, setting forth facts which show that it is doubtful whether the petitioner's claim is valid and legal, and denying its validity or legality, absolutely, or upon information and belief." From a decree dismissing the petition, the petitioner appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Charles E. Miller*, for appellant. *Sackett & Bennett*, (*Henry Woodward Sackett*, of counsel,) for respondent.

BRADY, J. The appellant, the Stuyvesant Safe-Deposit Company, a creditor of Samuel Lyman, deceased, presented a petition to the surrogate of this county, asking him to direct the administratrix to pay two judgments obtained against the intestate during his life by one De Forest Fox, and by him assigned to the petitioner. No dispute arises as to the sufficiency of the petition, and the appellant rests the appeal chiefly upon the proposition that the learned surrogate denied the prayer of the petition upon the ground that the petitioner, being the assignee of the claim, had no standing in court. The order appealed from, however, does not so proclaim, and the denial is not predicated on any particular ground expressed therein. The opinion of the learned surrogate it is true gives the reason relied upon by the appellant, but the court, as now settled by the decisions of the court of last resort, cannot be controlled in that regard by anything in the opinion. The record must show the alleged grievance. If the order assailed was correctly made, therefore, for any reason, it must be affirmed. When an application like that presented to the surrogate is opposed, it is only necessary, to oust the surrogate of jurisdiction, to show the asserted claim to be doubtful, alleging the facts relating thereto, and to deny its validity. *Lambert* v. *Craft*, 98 N. Y. 347. The administratrix complied with these requirements. The first paragraph of her answer is as follows: "(1) This respondent denies that the estate of said decedent is indebted to said petitioner in the amounts named in said petition, or in any amount whatever, and denies the validity and legality of said claim." And the fourth paragraph is in these words: "(4) That said notes mentioned in the said complaints, of which copies are hereto annexed, were given as collateral security for the payment of the pretended $3,000 indebtedness of said decedent to said petitioner; that, as additional collateral security therefor, the said decedent also gave to said petitioner certain stocks and other securities of a market value equal to or greater than the amount of said pretended indebtedness of $3,000; that a portion of said securities was, prior to January 1, 1883, sold by the petitioner for not less than $2,445, for which the petitioner never accounted to said decedent, but which was applicable to the payment of said claim, if any such existed." It is entirely unnecessary to consider in detail the various provisions of the Code regulating a proceeding kindred to this, inasmuch as they have been sufficiently considered and construed in the case of *Lambert* v. *Craft*, already mentioned, and the result stated as herein set forth. The petition was properly disposed of in the court below for these reasons, and the order appealed from should be affirmed, with $10 costs and disbursements. All concur.