(2 N. Y. Ann. Cas. 40.)

### In re DORAN'S ESTATE.

(Surrogate's Court, New York County. June 12, 1895.)

1. EXECUTORS AND ADMINISTRATORS—CLAIMS AGAINST ESTATE.

The failure of administrators to reject, within a reasonable time, a claim filed against the estate, is not an approval thereof.

2. SAME—ACCOUNTING.

Where, after motion by an alleged creditor of an estate to compel an accounting by the administrators, an account is filed, in which the claim of the applicant is stated as rejected, the court will not, on such motion, try the question whether the claim was rejected or not.

Application in the matter of the estate of Patrick M. Doran, by an alleged creditor of the estate, to compel an accounting by the administrators. Denied.

Booream, Hamilton, Beckett & Ransom, for petitioner.

John J. Gleason, for administrators.

ARNOLD, S. This is an application by an alleged creditor of the estate to compel an accounting by the administrators thereof. It is claimed by the latter that the claim is barred by the short statute of limitations, having been rejected by them in March, 1894, and anterior to that time, and no suit was brought thereon within six months after the rejection. The affidavits and petition submitted by the alleged creditor contradict this, and he insists that there was no rejection; but, on the contrary, that the claim was retained without objection, and must therefore be deemed to have been admitted. The administrators have, since the argument on this application, filed an account, in which they state that the plaintiff's claim was rejected. In view of the decision of the court of appeals in Schutz v. Morette (decided at its May term of this year) 146 N. Y. 137, 40 N. E. 780, reversing 31 N. Y. Supp. 39, many decisions to the effect that where a claim has been presented to, and not rejected within a reasonable time by, the legal representatives of the estate against which it is alleged to be held, it must be taken to be admitted, and the statute of limitations is not set running, must be considered to be overruled, and some distinct admission must be proved. I could not find such admission upon the papers submitted. On the other hand, I do not feel called upon to decide upon these papers that the claim was rejected in any due form. This involves a question of fact, which, if not absolutely necessary to be decided on this motion, ought not to be. I do not think it is necessary to be so decided. What the petitioner asks for had been accomplished without any order therefor herein. The account has been filed. The petitioner may come in and ask to be allowed to appear on the return of citation in the accounting proceedings, and the question of his right to participate in the distribution of the estate can then be passed upon. If the claim has not been rejected nor admitted within the purview of the decision in the Schutz Case, it may well be that the petitioner may still have the right to present or sue upon his claim.

The present application is denied, upon the ground that the account has been filed, and without prejudice to any rights of the petitioner, or to any further or other proceedings he may take.