CULLEN, J. I concur with Mr. Justice BRADLEY in his view that the amendment of 1887 to the statute of 1873, relative to adoption, conferred on the defendant Josephine Dodin the right to inherit from her adopting father, though her adoption was prior to the enactment of the amendment. I am strongly of the opinion, however, that the testator never intended that his adopted child should share in his residuary estate. In the second clause of his will he refers to his son, the defendant Alexander, as his "son and only child." By the fifth clause of his will he directs the creation of a fund of $15,000, the income to be applied to his "adopted daughter, called Josephine Dodin, during her minority," the fund to go to her on her attaining majority, and, in case of her death before that time, to fall into his residuary estate. This provision is hardly consistent with an intention that the adopted daughter should share in that residuary estate. While the law made the defendant Josephine a legal child of the deceased, the test is not what her status was at law, but how she is treated in the nomenclature or vocabulary of the testator. Gelston v. Shields, 16 Hun, 143, 78 N. Y. 275. But this view does not aid the appellant. He concedes, and, in fact, asserts as an argument in his favor, the well-known principle that, to exclude the heir at law, "mere negative words will not suffice; there must be an actual disposition of the estate to some other person." He forgets, however, that, if our view of the construction of the statute is correct, the adopted daughter was as much an heir at law of the testator as if she had sprung from his loins, and that the same rule that favors the son equally favors the daughter, and forbids her exclusion from her patrimony. If the gift of the residuary estate had been to the testator's wife and child, we might well hold that the only child contemplated by the testator was his natural son. But the direction is that the remainder shall descend and be distributed according to the laws of the state of New York. As, under those laws, the adopted daughter is entitled to an inheritance, this is a devise to her, though, as already stated, my fear is that the testator did not intend this disposition of his estate. The difficulty has proceeded from his ignorance of the statutory law on the subject of descents, an ignorance which we cannot remedy by making a new will for him.

---

(16 App. Div. 34.)

### In re CLAUSS' ESTATE.

(Supreme Court, Appellate Division, Second Department. April 13, 1897.)

EXECUTORS AND ADMINISTRATORS—CLAIM AGAINST ESTATE—DELAY BY EXECUTOR.

Delay by an executor in rejecting a claim against the estate does not establish it, so as to preclude the executor from disputing it afterwards.

Appeal from surrogate's court, Kings county.

Judicial settlement of the accounts of Wilhelmina Clauss (now Schickling) as executrix of the will of Christian Clauss, deceased. From a decree directing the executrix to pay to Henry A. Vieu, as a creditor of testator, the sum of $290.70 and costs, she appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

James C. Cropsey, for appellant.
C. F. Swart, for respondent.

BRADLEY, J. Upon the petition of Henry A. Vieu, an alleged creditor of the testator, filed in February, 1896, a citation was issued by the surrogate, requiring the executrix to show cause why she should not render and settle her account. The matter came on to hearing, and an order was made requiring her to render and settle her account on or before the 4th day of May. She did then file her account, wherein she claimed to have disputed the claim of such creditor, Vieu. Thereupon he filed his answer, denying that his claim against the estate had been disputed by the executrix, and alleging that the claim was not rejected by her within a reasonable time after it, verified, was served upon her, and that she thereby allowed the claim. In June following a proceeding for voluntary accounting was instituted by the executrix, and on the return of the citation therein the two proceedings were consolidated, and in November, 1896, they came on to hearing. The testimony of Vieu was to the effect that his claim, verified, was served on the executrix about October 20, 1894, and that he was advised of no rejection until May 4, 1896, when she filed her account. She was permitted to and did file her affidavits in the proceeding, to the effect that she had money sufficient to pay all the debts against the estate, including the alleged claim of the plaintiff; that she had supposed such claim had been rejected by her attorney, and did not learn to the contrary until this proceeding was commenced; and that she deemed the claim unjust,—and referred to a written communication from Vieu to her, prior to the time that the claim was presented, in which he stated that he had a claim for services worth $100, which she could pay or not, as she pleased. In view of that statement, she added that the claim for $250 presented was unreasonable in amount.

The direction by the surrogate's decree to pay to Vieu the sum of $250 and interest, making together $290.70, was founded upon the fact that his claim had not been rejected by the executor within a reasonable time, and therefore had become a liquidated claim against the estate. As the proceeding was not instituted for the payment of the alleged debt, within the provisions of section 2722 of the Code of Civil Procedure, but for a judicial settlement of the account of the executor provided for by section 2727, it is urged that it was not in the power of the surrogate to direct payment of the claim. We are inclined to think that such objection, in its application to an undisputed established claim, is not tenable. The main question for consideration is whether the delay in rejecting the claim made it a liquidated one against the estate, established as such, and concluded the executor from disputing it. There are some judicial authorities and dicta apparently to that effect, to which our attention is called. Lambert v. Craft, 98 N. Y. 342; Magee v. Vedder, 6 Barb. 352, 354; Underhill v. Newburger, 4 Redf. Sur. 499; In re Miller's Estate (Surr.)

9 N. Y. Supp. 60. Those cases do not so clearly support the affirmative of the proposition as to conclude further inquiry on the subject. In the Lambert Case the proceeding before the surrogate was instituted by the petition of the creditor for direction to the executors to pay her claim against the estate as provided by the statute, now included in the provisions of section 2722. The defendants there did not, by answer, dispute the validity of the debt, as permitted by that section of the Code in such case. And by reason of that omission there was nothing in the way to proceeding in the matter to the conclusion reached. The remarks in the opinion, beyond those relating to the consequences of the default or omission of the executrix to answer the petition, were not essential to the questions there presented for review. On that subject, Judge Danforth, in delivering the opinion of the court, said:

"Upon this proceeding to compel payment, they [executors] appeared not only in person, but by counsel; and their silence when called upon by the citation to speak as to both matters is a strong admission, by conduct, of the justice of the demand, and as conclusive as if proven by a witness."

The view of the court was that this failure to answer not only permitted the hearing to be had by the surrogate as upon an undisputed claim, but was an admission of the justice of the claim. This disposed of the case.

In the Magee Case the questions here for consideration did not arise. There is, however, in the opinion, a dictum of the justice who delivered it to the effect that if, within a reasonable time after a claim is presented, the executor or administrator does not offer to refer, nor dispute it as unjust, it may be deemed as undisputed and liquidated. In the Cases of Underhill and Miller, supra, the views expressed by the surrogates were to the same effect. There are other cases to the contrary. In the more recent case of Schutz v. Morette, 146 N. Y. 137, 40 N. E. 780, it was held that mere silence on the part of the executor to whom a claim against the estate he represents has been presented does not relieve the claimant from establishing it by evidence. In delivering the opinion of the court, Chief Judge Andrews added to the statement of such proposition that:

"It would subject the estates of decedents to great danger if mere silence of the executor should be regarded as an admission of a claim presented, and relieve the claimant from establishing it in the ordinary way."

In re Doran (Surr.) 38 N. Y. Supp. 544, is to the same effect. This is the better rule, as applied to such cases, as an executor or administrator is not necessarily supposed to know whether a claim presented against the estate is a valid existing one or not. And the doctrine of an account stated, applicable to living persons, cannot, in justice to the estates of deceased persons, be effectual as against their personal representatives. The cases prior to that of Schutz v. Morette are not uniform on the question. Tucker v. Tucker, *43 N. Y. 136; Id., 4 Abb. Dec. 428; Cooper v. Felter, 6 Lans. 485.

The surrogate did not attempt to pass upon the merits of the claim, as a disputed one, but held that the claim had become undisputed and established by the lapse of time after its presentation without rejection. This, in the view taken, was error. The executor is not

denied the right to dispute claims in proceedings instituted and conducted under sections 2727–2729 of the Code, although the formality for doing it is not provided for, as in proceedings instituted under section 2722. Adams v. Glidden, 6 Dem. Sur. 197. And, when properly disputed, the surrogate's court is denied jurisdiction to determine a claim. No further question now requires consideration.

The order should be reversed, and the proceedings remitted to the surrogate's court, to proceed therein. All concur.