## Case No. 8,360.

### LINDENBERGER et al. v. MATLACK.

[4 Wash. C. C. 278.] [1]

Circuit Court, Pennsylvania.[2] April Term, 1822.

DESCENT—WILLS—POWER TO SELL BY EXECUTOR—RENTS AND PROFITS UNTIL SALE.

A testator by his will directed his executors to sell his land, and to distribute the proceeds according to the directions of his will and codicil; or to divide the same equally between his widow, his eight children, and his grandson. The lands descended to the heirs at law of the testator, who held a right, at law, to enter upon the same and to receive the profits; and may maintain an ejectment for the same, until a sale or division should be made.

[Cited in Gratz's Ex'rs v. Cohen, 11 How. (52 U. S.) 21.]

At law.

WASHINGTON, Circuit Justice. The single question for the consideration of the court is, whether the lessors of the plaintiff have a legal right of entry into the premises in question, so as to enable them, severally, to make the demises stated in the declaration? And this question will turn upon the construction of the will of Abraham Dubois, which, as it concerns this point, is in the following words: "As to the residue of my property or estate, both real and personal, or of whatsoever nature or kind soever, or wherever situate, lying, or being, I do hereby authorize, order, and empower my executors, and the survivors or survivor of them, to sell and convey, or divide the same whenever they may judge it consistent for the interest of the estate, into eight equal parts for my wife, six children, and grandson (naming them,) all share and share alike, deducting from the share of my grandson what I have advanced for his father, Samuel Dubois, since he came of age, with interest, which is to be equally divided between my wife and six children, or the survivors of them. It is my wish and desire, if consistent with the interest of my affairs, that my children be brought up and educated out of the interest or proceeds of my estate, so that no charge be made against their shares respectively until they come of age. It is also my desire, that my sons may receive from my executors, as soon as it can with propriety be done, after they are of age, so much of their share or portion as

[1] [Originally published from the MSS. of Hon Bushrod Washington. Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

[2] [District not given.]

may be judged consistent with the situation of my estate, as a great proportion of it will probably be in lands unimproved." By a codicil, the testator desires that two other sons, born since the making of his will, should share equally his estate with his wife, other children, and grandson, agreeably to his said will. Each of the lessors claims one tenth of the premises in controversy.

We are of opinion that, upon the true construction of this will, the executors took no interest in the real estate, but were clothed with a mere naked authority to sell the land, and to distribute the proceeds according to the directions of the will and codicil, or to divide the same equally between the widow, the eight children, and the grandson. The consequence is, that the lands descended to the heirs at law of the testator in co-parcenary, who had a right at law to enter upon the same, and to receive the profits, until a sale or division should be made by the executors. The authorities upon this subject are both ancient and uniform, and we are aware of no modern case which contradicts them. Pow. Dev. 292–310; Co. Litt. 113, 181b, 236. It may not, however, be improper to remark, that the remedy would have been more complete on the equity side of the court, to compel the executors to execute the trust.

The plaintiff is therefore entitled to recover one ninth upon the demise of Lindenberger, in right of Nicholas Dubois, under whom he claims; and the same proportion under the demise of Abraham Dubois, another of the sons of the testator.