[See 1 Pittsb. Rep. 37.]

---

PENNOCK (LONGSTRETH v.). See Case No. 8,488.

PENNOYER (NEFF v.). See Cases Nos. 10,-083–10,085.

---

## Case No. 10,943.

### PENNOYER et al. v. SHELDEN et al.

[4 Blatchf. 316.] [1]

Circuit Court, S. D. New York. May 6, 1859.

WILL—CONSTRUCTION OF DEVISE—USES AND TRUSTS—INTENTION OF TESTATOR.

1. Where a testator, in New York, devised his real estate to his executor and trustee, in trust, to sell and convey it, and, having converted it into money, to distribute and divide the proceeds among certain benevolent institutions enumerated, but the will did not empower the executor to receive the rents and profits of the real estate: *Held*, that, under the 56th section of the article, "Of Uses and Trusts," in the Revised Statutes of New York (1 Rev. St. 729) the executor took no estate in the land, but it descended to the heirs at law of the testator, subject to the execution of the power in trust.

2. The intent of a testator must be gathered not merely from the words used in the will, but from the words in connection with the law of the land.

3. When a trust is created, the legal effect of which is declared by the law, the court is bound to presume that the intent of the testator was in conformity with it.

4. Under the will in this case, the fee in the land would, at common law, have passed to the executor; but the statute has changed the law. The case of Germond v. Jones, 2 Hill, 569, cited and applied.

The bill in this case was filed [by William H. Pennoyer and Cornelia Pennoyer, his wife] to recover from the defendant [Henry] Shelden one-half of the rents and profits of the real estate of the late Abraham G. Thompson, from the time of his decease until the sale of the estate under certain trusts in his will. The plaintiff Cornelia, and the defendant [Edward G.] Thompson, were his sole heirs at law, and the defendant Shelden was the executor of the will. After devising certain legacies, and, among others, one of $100 to the plaintiff Cornelia, his granddaughter, the testator disposed of the rest of his estate, as follows: "All the rest and residue and remainder of my estate, real and personal, I give, devise and bequeath to my executors and trustees hereafter named, and to such of them as shall take upon them-

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

selves the execution of the trusts of this my will, and the survivors and survivor of them, in trust, to sell and convey my real estate, and to sell and dispose of my personal estate," (with a special exception as to the time of disposing of certain of the real estate,) "and, having converted said real and personal estate into money, then to distribute and divide such residue and remainder of my estate as follows." The testator then directs the proceeds to be divided into thirty-two equal parts, and gives them to certain benevolent institutions enumerated. The bill prayed for an account by Shelden of such rents and profits, and a decree in favor of the plaintiffs for the one-half of them. The defendant Shelden demurred to the bill.

Samuel Blatchford, for plaintiffs.
Edward P. Cowles, for defendant Shelden.

NELSON, Circuit Justice. The question presented in this case is, whether or not the heirs of the testator are entitled to the rents and profits of the real estate down to the time when the same was sold, for the purpose of paying the legacies, and making distribution of the remainder to the several institutions, under the will. The affirmative of this question is maintained by the bill. The defence, which is presented by way of demurrer, insists, that the real estate passed to Shelden, the executor and trustee, and vested the fee in him, subject to the trusts of the will; or, if the trust is to be construed as a power, that the execution of the power carried the whole estate from the heirs.

The trusts provided for in the will are valid under the 55th section in the article "Of Uses and Trusts." 1 Rev. St. N. Y. 728. That section declares as follows: "Express trusts may be created for any or either of the following purposes: 1. To sell lands for the benefit of creditors; 2. To sell, mortgage or lease lands for the benefit of legatees, or for the purpose of satisfying any charge thereon." The trusts in this will are to pay debts and legacies. The 56th section of the same article provides: "A devise of lands to executors or other trustees, to be sold, or mortgaged, where the trustees are not also empowered to receive the rents and profits, shall vest no estate in the trustees; but the trust shall be valid as a power, and the lands shall descend to the heirs, or pass to the devisees of the testator, subject to the execution of the power." Under this section, the executor, Shelden, took no estate in the land, as he is not empowered by the testator to receive the rents and profits, and it consequently descended to the heirs at law, of whom Cornelia, the plaintiff, was one. The trust to sell, and apply the moneys under the will, is simply a power in trust, and the land follows the law of descents, and remains in the heirs, subject to their ownership and control, until the execution of the power.

It was strongly argued, that the testator devised his whole estate, real and personal,

to the executor, for the benefit of the legatees and distributees, and that such devise necessarily included the rents and profits of all real estate from the time of his decease; also, that the legacy to Cornelia of $100, with the reasons in the will for fixing this limit, indicates an intent to exclude her from any other portion of the estate, and that the court is bound to construe the will so as to effectuate this intent. It was further argued, that in view of the direction to sell and convert the whole estate into money for the purposes of the trusts, the land must be deemed, in equity, to have been so converted at the death of the testator, which principle would carry the rents and profits to the executor, down to the time of the sale. But, the answer to all these suggestions is, that the intent of the testator must be gathered not merely from the words used in the will, but from the words in connection with the law of the land, and that, when a trust is created, the legal effect of which is declared by that law, the court is bound to presume that the intent of the testator was in conformity with it. Under this will, the fee would, at common law, have passed to the executor. But the statute has changed the law, and has declared that it shall not pass, but shall descend to the heir, and that the trust shall be executed as a power.

The question in this case was, I think, disposed of in the case of Germond v. Jones, 2 Hill, 569. The trust there was to sell to pay debts and legacies, but the trustee was not empowered to receive the rents and profits. The court held that the land descended to the heirs, and remained there till the title was divested by an execution of the power.

The release by the plaintiff Cornelia, executed on the 6th of June, 1856, and which is set forth in the bill, and relied on as a defence to this suit, is very special and particular, and, without a minute examination of the whole instrument, some general phrases might be regarded as embracing the subject-matter in question. But I am quite satisfied, after a thorough examination of it, that every part of it relates, and was intended to relate, exclusively to the subject of the validity of the will, which was in dispute between the parties.

I am of opinion, therefore, that the demurrer is not well taken, and must be overruled.