New York County.—HON. D. C. CALVIN, Surrogate.— September, 1879.

## MATTER OF BOYD.

*In the matter of the estate of* JOHN BOYD, *deceased.*

The testator devised the residuum of his real estate to his wife, subject to a power of sale in his executors, and charged with certain legacies in case the personalty should not be found sufficient to pay these. The executor collected the rents and profits of the residuary real estate, prior to the sale of the same under the power. Upon the accounting of the executor, he charged himself with such rents and profits. It appeared that the personalty and residuary real estate were not sufficient to pay the legacies. Upon objection to the account by the executor of the testator's wife, that such rents and profits of the residuary real estate belonged to the wife, and should not have been charged in the executor's account,—*Held,* that while the title to the residuary estate, and the rents and profits thereof, vested in the wife, subject to the power of sale, she held such title charged with the legacies, and bound to account to the legatees. That the executor, having, without authority, collected the rents, was accountable to the legatees therefor, and had properly included them in his accounts.

FINAL accounting of the executor of John Boyd, deceased.

By the third clause of the will, the testator made certain cash bequests, then by several succeeding clauses he gave various legacies. By the twelfth clause he gave

all the rest, residue, and remainder of his estate, both real and personal, to his wife, subject to the power vested in his executors to sell, the proceeds of which were made expressly subject to the payment of the legacies, if the personalty shall be insufficient. By the thirteenth clause he gave discretion to his executors as to the time of sale of the real estate. By the fourteenth clause he directed them to pay the legacies out of the personal estate, and made the legacies a specific charge upon the real estate.

The executor collected and received the rents of the residuary real estate, realized prior to the execution of the power of sale, and charged himself with such rents in his accounts.

The wife of the testator survived him, but died before the sale of the real estate by the executors. The executor of the widow's will objected to the account of the executor of this estate, upon the ground that he had improperly charged himself with the rents received from the real estate, while in fact they belonged to decedent's wife, and therefore to her estate.

TOWNSEND & MAHAN, *for executor.*

BRISTOW, PEET, BURNET & OPDYKE, *for objector.*

THE SURROGATE.—It is claimed by the executor of decedent's widow, that under section 69, 2 *R. S.,* 1109 (6 ed.), the executors took no estate, but simply a power of sale, and until the exercise of that power, the devisee, the widow, was entitled to receive and appropriate the rents and profits of the real estate. That section provides that a devise of land to executors, &c., to be sold or mortgaged, where the trustees are not empowered to

receive the rents and profits, vests no estate in the trustees, but the trust shall be held as a power, and the lands descend to the heirs, or pass to the devisees, subject to the execution of such power.

In this case there is no pretext that there is any devise *to the trustees* under the authorities. It is too plain for argument that the executors were not vested with the title, and that their authority was simply a naked power to sell; and it is equally clear that the land thus devised vested in the devisee, the widow, until the execution of that power. (Crittenden *v.* Fairchild, 41 *N. Y.*, 289; Germond *v.* Jones, 2 *Hill*, 569; Allen *v.* DeWitt, 3 *N. Y.*, 276; White *v.* Howard, 52 *Barb.*, 294; Marsh *v.* Wheeler, 2 *Ed. Ch.*, 156; Lindenberger *v.* Matlack, 4 *Wash. C. C.*, 278; Penoyer *v.* Sheldon, 4 *Blatchf.*, 316.) None of these appear to be cases where a devise was made of real estate, which was charged with the payment of legacies. It seems to me that the title of the devisee vested in her subject to this charge. As it appears in this case that the personal property, together with the residuum of the estate thus devised, will not be sufficient to pay the legacies, it would be an obvious violation of the intent of the testator, as expressed in his will, to allow the widow, who received the real estate charged with the payment of the legacies, to benefit by the rents and profits at the expense of the legatees, because of the dilatory exercise of the power of sale vested in the executors.

I am quite clear in the opinion that the real estate vested in the widow thus charged, subject to the exercise of the power of sale, and that, therefore, the executor had no authority to collect the rents and profits, and

that the widow and devisee had that right. But she took it subject to the charge, and would have been liable to account therefor. As the executor has, without authority, made such collection, and seeks to account therefor, in the interest of the legatees, I am of the opinion that he is accountable therefor, and that the insertion of the same in his account is properly made.

This conclusion renders it unnecessary to consider the point raised by the counsel for the executor, that the will in question converted the real estate into personalty. If it were necessary to pass on this question, I should hold that, as the power of sale given to the executors was discretionary in respect to time, and as there was a direct devise of the real estate to the widow, charged as aforesaid, until the exercise of that power the widow was vested with the title *as realty*.

Objection overruled.

Ordered accordingly.