Estate of Lange.   .

## SURROGATE'S COURT.

### In the Estate of WILLIAM H. LANGE.

*Code of Civil Procedure, section* 1822 — *Jurisdiction of surrogate's court, to determine whether demand of a creditor has been "disputed or rejected" within the meaning of this section — Executors and administrators — Limitation of action by creditor, where claim is rejected by executor or administrator.*

The surrogate's court has jurisdiction to determine whether the demand of a creditor, claimed by an executor or administrator to be barred by section 1822 of the Code of Civil Procedure, has, in fact, been "disputed or rejected" within the meaning of that section.

*New York County, February,* 1886.

ROLLINS, *S.* — In response to a citation issued herein at the petitioner's instance, the executrix of this estate has filed an account of her administration. She now asks that that account be approved and passed, notwithstanding certain objections interposed thereto by the petitioner. She insists that she disputed and rejected the petitioner's claim in February, 1884, more than six months before any proceeding was taken for its enforcement, and that accordingly, by virtue of section 1822 of the Code of Civil Procedure, the petitioner is forever barred from compelling its payment, and must be treated as one having no interest in the estate.

The petitioner contends, on the contrary, that his claim was duly presented to the executrix, and that she has never rejected or disputed it.

The surrogate's court is a court of competent jurisdiction, to

Fulton County Chemical Works agt. Jochen.

determine the issue whether a claim of this character against a decedent's estate has actually been disputed or rejected, or whether, on the other hand, it has been admitted by the representative of such estate (*Hoyt* agt. *Bonnett*, 50 *N. Y.*, 538; *In re Jones*, 1 *Redf.*, 269; *Ruthven* agt. *Patten*, 2 *Abb. Pr.* [*N. S.*], 121; *In Matter of Phyfe*, 5 *N. Y. Leg. Obs.*, 331; *Estate of George*, 1 *Law Bul.*, 87; *Magee* agt. *Vedder*, 6 *Barb.*, 352; *Tucker* agt. *Tucker*, 4 *Keyes*, 148; *Lamber* agt. *Craft*, 98 *N. Y.*, 342).

If it shall appear, upon investigation, that the petitioner's claim has been disputed or rejected, and that, within the time specified in the section above cited, no proceeding has been begun for its enforcement, the surrogate must regard such claim as barred, and must enter a decree disregarding it, and directing distribution of the estate among the parties entitled. If it shall appear, on the other hand, that the claim has not been so disputed or rejected, it must be considered as liquidated, and as an undisputed debt, which the representative is obliged to pay, and because of which the petitioner is entitled to be heard upon his objections to the account. A reference will be ordered for the trial of this issue.