NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-GATE.—March, 1887.

MATTER OF EISNER.

*In the matter of the estate of* ELIZA EISNER, *deceased.*

A Surrogate's court has the same authority to determine a disputed claim by or against the accounting party, upon the settlement of the account of a temporary administrator, as upon that of an executor or administrator in chief.

This includes the competency to adjudicate upon a claim of a debt alleged

to be due to the estate of the decedent, from the temporary administrator, *and others jointly*.

A temporary administrator appointed, under Code Civ. Pro., § 2668, subd. 1, "where delay necessarily occurs in the granting of letters testamentary," etc., goes out of office, of course, upon the issuance of permanent letters, but his official bond is not *ipso facto functus officio*.

PENDING a controversy over the probate of this decedent's will, one of her sons was appointed temporary administrator of her estate. Upon this accounting, after the will had been admitted to probate and letters testamentary had been issued to its executors (one of whom was the temporary administrator himself), the contestants sought to introduce before the referee to whom the issues of the accounting had been submitted, certain testimony tending to show that a firm whereof the temporary administrator was a member was indebted for rents due upon property of the estate which such firm occupied under a lease.

It appeared that the firm admitted its liability in a certain sum, but that the objectors to the account insisted that it was liable in a larger sum. The referee held that the Surrogate had no jurisdiction to determine the question of the firm's indebtedness. Motion was now made to confirm the referee's report.

GEORGE W. CARR, *for administrator*.

BENNO LOEWY, *and* GEO. P. AVERY, *for objectors*.

S. OPPENHEIM, *special guardian*.

THE SURROGATE.—Section 2739 of the Code provides that whenever, upon the judicial settlement of the account of an *executor or administrator*, "a contest arises between the accounting party and any of the other parties . . . respecting a debt alleged to be

due by the accounting party to the decedent or by the decedent to the accounting party, the contest must be tried and determined in the same manner as any other issue arising in the Surrogate's court."

This section applies, I think, to temporary administrators as well as to executors and administrators in chief.   Article 2d., tit. 4, chap. 18 of the Code of Civil Procedure contains the only statutory provisions regulative of executors' and administrators' accountings, and unless those provisions are broad enough to cover accountings of temporary administrators, there is a *casus omissus* in the statute.

Section 2724 provides the procedure for the compulsory accounting of an " executor or administrator." Section 2725 declares that a "Surrogate's court may compel a judicial settlement of the account of a temporary administrator *at any time.*"   This section contains no reference whatever to executors or to administrators in chief.

Section 2726 provides that " a petition praying for the judicial settlement of an account, and that the *executor or administrator* may be cited to show cause why he should not render and settle his account, may be presented in the case prescribed *in either of the last* two sections," etc.

It is, therefore, apparent that so far as compulsory accountings are concerned, the term " administrator " is broad enough to include the term " temporary administrator."   I cannot doubt that the authority of the Surrogate upon the accounting of a temporary administrator is substantially the same as his authority

upon the accounting of an executor or administrator in chief.

Now it was held by the Court of Appeals, in the case of Shakspeare v. Markham (72 *N. Y.*, 400), that under the provisions of the Revised Statutes relating to the mode of proving the claim of an executor or administrator against his decedent's estate (§ 33, tit. 3, ch. 6, part 2, R. S.; 3 Banks, 5th ed., 175), the Surrogate had jurisdiction to hear and determine "all claims in which an executor was interested" and that the "circumstance that he is *jointly* interested in the demand does not affect the authority of the Surrogate to adjudicate with regard to it."

I have found no decision as to the jurisdiction of the Surrogate, upon the accounting of an executor or administrator, to pass upon the claim of the estate of the accounting party's decedent against a firm of which the accounting party had been a member; but it seems to me that since the taking effect of § 2739, the reasoning of Shakespeare v. Markham is as applicable where the accounting party is a debtor as where he is a creditor of his decedent's estate.

Exception is taken to the referee's fourth conclusion of law to the effect that the temporary administrator, upon making the payments which shall be directed by the decree settling his account, and upon delivering the property of the estate to the executors, is entitled to his discharge and to the revocation of his letters. It is claimed that his responsibility will not determine until the administration of the estate shall be completed, unless before that time his letters shall be revoked in a proceeding brought expressly

for such revocation by some person interested in the estate.

I think that this position is unsound.   Section 2684 of the Code of Civil Procedure provides that where, after the issuance of letters of administration on the ground of a decedent's intestacy, his will shall be admitted to probate and letters testamentary thereon shall be granted, the decree according probate must revoke the former letters.   I doubt whether any reason can be suggested why this provision should have been limited to letters of administration granted on the ground of intestacy, except this : that there is involved in the very term " temporary administrator" the notion that the authority of such an officer is extinguished by the issuance of letters testamentary or letters of administration.

Section 2685 of the Code of Civil Procedure provides for the compulsory revocation of the letters of an " executor or administrator."   In the eighth subdivision of that section there is an express reference to temporary administrators.   This reference serves to indicate that such officers are included within the general term " administrators."   But this subdivision provides only for the case of temporary administrators appointed under the *second* subdivision of § 2668— that is, of temporary administrators upon the estates of absentees.

This circumstance confirms me in the opinion that temporary administrators appointed under the *first* subdivision of § 2668 go out of office as of course upon the issuance of permanent letters (Matter of Lewis, 17 *Week. Dig.*, 311).

I decline, however, to cancel the administrator's bond (Code Civ. Pro., § 2596).