Pratt, J.
We think there was a total failure, under well-settled principles ■of law, on the part of the plaintiff to prove any express direction of the testator for the doing of work, or furnishing materials, or any promise to pay for the same. The plaintiff resided on the farm, and apparently had the common •use of it with his father for many years. The improvements were for the convenience of the plaintiff, and the money paid was partly, at least, for his benefit. We might surmise that, he expected to have the farm at his father’s •death, and thus reap the benefit of the improvements. Even in such case the • estate would not be liable to pay in the absence of a promise of that kind. The case is barren of any direction on the part of the testator to the plaintiff to pay out money or make improvements. The fact that the plaintiff resided ;So long with his father, and that no accounting seems to have been had, renders it probable that the plaintiff never intended to charge, and the father never expected to pay, for any of the items claimed. The case seems to fall within the principle stated by the referee, and enunciated in the following decisions,—Bowen v. Bowen, 2 Bradf. Sur. 336; Kearney v. McKeon, 85 N. Y. 137; Lynn v. Smith, 35 Hun, 275,—to-wit: That no recovery can be had by near relations living upon the same premises in common, or members of the same family, without proving an express promise to pay, or proving such facts -and circumstances as to make the inference plain that there was such a promise.
The exception to the ruling of the referee in excluding the question put to -the plaintiff as a witness in his own behalf need not be considered, as the .amount paid never became material through failure to prove any liability. It was of no importance whether plaintiff expended much or little, unless there ■was a promise to repay on the part of testator. The question, “State whose money it was that you paid to these different parties, ” was also properly excluded, for the reason just stated. Assuming that it was plaintiff’s money, he could not make his father his debtor without a request to pay. The question, “Did you do any farming on your own account?” was not well taken, as •the matter was immaterial. The irresistible conclusion, from a careful reading of the testimony, is that the plaintiff failed to make out a case.
Judgment affirmed, with costs.
Barnard, P. J., concurs.