### In re STRICKLAND'S ESTATE.

(*Surrogate's Court, Cattaraugus County.* April 10, 1889.)

1. EXECUTORS AND ADMINISTRATORS—ACCOUNTING—SURROGATE'S PRACTICE.
   Code Civil Proc. N. Y. § 2730, providing that any person interested in the settlement of an estate may contest any item of an account filed by a personal representative before the surrogate, gives the surrogate jurisdiction to try a controversy between creditors and the administrator, as to the validity of a claim presented by a creditor and allowed by the administrator; as section 2743, relating to the dis-

tribution of an estate, and providing that when the validity of a claim is "not disputed" or .has been established, the decree shall determine to whom it is payable, etc., refers only to a claim disputed by the administrator.

**2. INTEREST—MUTUAL ACCOUNTS.**
    Interest on the items comprised in mutual and unliquidated current accounts should not be allowed.

Code Civil Proc. N. Y. § 2743, which provides for a decree for payment of claims and distribution of shares after the accounts of a personal representative have been allowed, prescribes that if a claim is not disputed, or if its validity has been established, the decree shall determine the amount of it, and to whom it is payable.

    *A. D. Scott,* for the administrator.    *C. D. Murray* and *W. S. Thresher,* for contesting creditors.

SPRING, S.  Chauncey Abbey presented a claim of about $3,000 to the administrator of Dan A. Strickland, deceased, and the same was allowed by him. Upon the judicial settlement of the account of the said administrator, objections thereto were filed, and particularly to the claim of the said Abbey. The counsel for the administrator objects to the trial and consideration of such claim, on the ground that it involves the trial of a disputed claim, over which the surrogate's court has no jurisdiction. After a thorough search, I am unable to find that this precise question has been determined by the courts of our state. That a surrogate's court possesses only a limited jurisdiction, and cannot ordinarily try a claim disputed by the administrator, has long been well established; but, while this is so, it is equally well established that, in order to carry out fully the powers with which a surrogate's court is vested, incidental authority is lodged with the surrogate, even though its exercise may impose upon him the burden of trying a controverted demand.

A brief examination of the authorities upon this vexed question may be of some service. A surrogate's court has jurisdiction to try a disputed claim in favor of an administrator against his intestate.  Code, § 2739; *Kyle* v. *Kyle,* 67 N. Y. 400, 408; *Boughton* v. *Flint,* 74 N. Y. 476.  And a claim against an administrator in favor of a decedent.  *Everts* v. *Everts,* 62 Barb. 577; *Gardner* v. *Gardner,* 7 Paige, 112.  And that, too, though the claim be held by him as administrator of another estate.  *Neilley* v. *Neilley,* 89 N. Y. 352. And one in which he is jointly interested.  *Shakespeare* v. *Markham,* 72 N. Y. 400.  And against a firm of which the accounting party is a member.  *Matter of Eisner,* 5 Dem. Sur. 383.  Also to try the question as to whether or not a claim has been rejected.  *Lambert* v. *Craft,* 98 N. Y. 342; *Bowne* v. *Lange,* 4 Dem. Sur. 350; *Hoyt* v. *Bonnett,* 50 N. Y. 538.  And to try a disputed claim in proceedings to sell real estate, and for the payment of the debts of the decedent.  Code, §§ 2755, 2759; *In re Haxtun,* 102 N. Y. 157, 6 N E. Rep. 111; *People* v. *Westbrook,* 61 How. Pr. 138.  To try the validity of a debt against the decedent, allowed and paid by the administrator.  *In re Frazer,* 92 N. Y. 239.  And to exercise such incidental powers as may be necessary.  Code, §§ 2481, 2743; *Hyland* v. *Baxter,* 98 N. Y. 610; *In re Verplanck,* 91 N. Y. 439–450.

The mode of procedure for an administrator to follow is extremely simple. A claim is presented to him. His duty is plain. He must either allow or reject it. If he rejects it, the statute provides for a reference for its determination, and it is relegated to another tribunal; but, if he allows it, that is an establishment of the demand, so far as he is concerned. His action in allowing the claim is not assuredly a finality—a *res adjudicata*—as against the creditors or next of kin. When he presents his account to be judicially settled, every account or item therein may be controverted. His entire management of the trust-estate may be overhauled. The wisdom of his action in allowing demands against his intestate may all be litigated and passed upon, even though such a course may involve the trial of a disputed claim. Sup-

pose he pays a claim presented to him. The constant practice in the surrogates' courts, ratified by the court of appeals in *Re Frazer*, 92 N. Y., *supra*, is to try the claims paid by the administrator. Instead of paying the claims, the administrator may allow them, and defer their payment until the distribution on his judicial settlement. This will be the proper course for him, if the property of the decedent is insufficient to pay his debts in full, and he can do that in any case. Whether paid, or simply allowed by him, he seeks distribution on all bearing his approval; and in each instance, the controversy is over his account, between him and the next of kin or the creditors. The creditor whose claim is allowed is not a party at all to the proceeding, because he has complied with the statute, and his demand has received the sanction of the authorized representative of decedent. Now, suppose, after the claim has been presented and allowed, one-half the same is paid by the administrator. He incorporates this in his account as a payment on this claim, and by the uniform practice of the court this claim can be contested, although it involves the trial of a disputed claim; but the remaining half, which is also embodied in his account, and which he seeks to pay, cannot be controverted, if the position of the administrator in this proceeding is correct. If that is the law, we are in this anomalous situation: One-half of the claim is within the jurisdiction of the surrogate's court to litigate and pass upon and determine fully; and the other half, depending upon the same proof to sustain it, with precisely the same defense, and affecting the same parties, must either be turned over to another tribunal, or perhaps is absolutely established, with all the verity of a judgment of a competent court, by the action of the administrator in admitting the demand as a debt against the decedent. An absurdity of that kind can hardly be upheld.

So far as the distributees are concerned, there is no distinction whatever between a claim paid by the administrator and one allowed by him, but unpaid. In either case, he stands in the place of the creditor whose demand has received his approval. He is the real claimant—the real party in interest—and is in the same predicament as if he was enforcing a personal demand. The controversy, if any, is between him and the next of kin, and over that a surrogate's court has jurisdiction. To be sure, this compels him to make a vicarious sacrifice of himself, but no more in the one case than in the other. Section 2730 of the Code is amply broad to cover a case of this kind, as it permits any party to "contest the account with respect to a matter affecting his interest in the settlement and distribution in the estate." Nor does section 2743 weigh against this, for the "disputed claim" there mentioned has reference to one disputed by the administrator; otherwise any claim paid would be without the pale of the jurisdiction of the surrogate to consider, and to my mind that makes the test in all the cases. There are many expressions in the authorities to the effect that a debt admitted by the administrator becomes "an established and undisputed debt against the estate." *Lambert* v. *Craft, supra.* If this language is to be taken literally, no court would have jurisdiction to pass upon the validity of a debt that had received the omnipotent sanction of an administrator, for his allowance of a claim would give it all the weight and dignity of a judgment. It was never designed to give such power to an administrator.

In the case under consideration, it appears that Abbey and decedent were dealing together quite extensively, and each had an open and unliquidated account against the other, containing many items. In adjusting this account with Abbey, the administrator allowed him over $1,200 for interest in excess of that credited to the decedent. The allowance of this item was erroneous, and should be stricken out. *Hand* v. *Church*, 39 Hun, 303; *McCollum* v. *Seward*, 62 N. Y. 316; *Mercer* v. *Vose*, 67 N. Y. 56; *McMaster* v. *State*, 108 N. Y. 542, 557, 15 N. E. Rep. 417. Findings of facts will be prepared, and a decree entered in accordance herewith, and I will then adjust the costs.