By the Court.—McAdam, J.
The plaintiff lived with and was supported by his mother during the time *244 for which compensation is claimed, and the rule is settled that where it is sought to establish the relation of master and servant between relatives living together, it must be proved that the parties understood the latter relation to exist, and acted with reference to it, and the mere fact that the services rendered were meritorious and long continued does not of itself tend to establish the relation. In order to create the relation of master and servant in such a case there must be unequivocal acts proving an agreement.
“ The duties of children to their parents,” says Blackstone, “arise from a principle of natural justice and retribution. For to those who gave us existence we naturally owe subjection and obedience during our minority, and honor and reverence ever after ; they who protected the weakness of our infancy are entitled to our protection in the infirmity of their age ; they who by sustenance and education have enabled their offspring to prosper, Ought in return to be supported by that offspring in case they stand in need of assistance.” 1 Bl. Com., 453. This expresses the moral rather than the legal obligation of the child, for at common law children were not bound to support their parents, yet the sentiment expressed by Blackstone is so just that statutes have been passed under which children may be compelled to support indigent parents, Code Crim. Pro., § 914, and thus by force of positive enactments, the principle stated by that learned jurist is practically the law of the land to-day. Where there is near' relationship between the alleged promisor and promisee, transactions between them do not give rise to the ordinary presumptions that spring from business dealings. Collyer v. Collyer, 113 N. Y., 448. Indeed, in cases of this character, the law does not imply a promise to pay for services rendered or for board and lodging furnished, but will presume that they were rendered and furnished gratuitously, and in order to overcome this presumption, *245 there must be an express promise to pay proved, or satisfactory evidence showing that the parties expected to pay and be paid. Lyon v. Smith, 35 Hun, 275; Roblee v. Gallentine, 19 Week Dig., 153; Carpenter v. Weller, 15 Hun, 134; Updike v. Titus, 13 N. J. Eq., 152; Hall v. Finch, 19 Wisc., 278; Andrus v. Foster, 17 Vt., 560; Fitch v. Peckham, 16 Ib., 150; Ayres v. Hull, 5 Kan., 419; Greenwell v. Greenwell, 28 Ib., 675; Ulrich v. Arnold, 120 Pa. St., 170; Houck’s Executors, 89, Ib., 552; Lynn v. Lynn, 29 Ib., 369; Hertzog v. Hertzog, Ib., 468.
The agreement should be clearly expressed or satisfactorily established by reliable evidence. Spraker v. Dow, 16 State R., 297; Gaylord v. Gaylord, 7 Ib., 703; Shakespeare v. Markham, 10 Hun, 311; aff'd 72 N. Y., 400; Keller v. Stuck, 4 Redf., 294. In Ulrich v. Arnold, 120 Penn. St. R., 170, the court went as far as to say: “ Mere loose and rambling declarations of an aged and infirm parent expressing gratitude for the services of a child during a period of illness and of suffering, services which all right-minded children willingly render to their suffering parents without hope of reward, or expressing a presumption that payment will be made for them, or the hope that compensation should be rendered after death, are not a contract nor the evidence of one between persons thus related. It is at best but an ill-judged and misplaced impression which prompts juries to dignify such declarations and expressions with the qualities of a positive and express contract. It is in derogation of our common humanity, and of the best interests of our race, and ought not to be encouraged by a tribunal which administers justice. If in any given case a child expects to be paid for filial services to an infirm parent let him or her conform to the law and enter into a specific and definite contract with the parent during the parent’s life, fixing the character of the services, and determine positively the fact that compensa *246 tion is to be made for it. When this is done the courts will see that the contract is enforced; when it is not done claims for such services, when presented as legal obligations, do not deserve the slightest consideration.”
The plaintiff received the same bounty under his mother’s will that the other- children obtained. He made no claim for compensation during her lifetime. Claims thus withheld during the lifetime of an alleged debtor, and sought to be enforced after death, are to be carefully scrutinized and only admitted upon satisfactory proof. Kearney v. McKeon, 85 N. Y., 137; Havens v. Havens, 21 State R., 958; Ross v. Ross, 6 Hun, 184; Moore v. Moore, 3 Abb. Ct. App. Dec., 303, as they have every intendment and presumption against them. Koecker’s Executors, 47 L. I. Pa., 505. In view of these authorities, it cannot be seriously claimed that the case was not fairly submitted to the jury, or that the learned trial judge committed the slightest error in his charge. The facts were seemingly against the plaintiff’s contention, and the issues had to go to the jury for their determination. At the conclusion of the evidence, it was a question about which minds might differ, as to whether the plaintiff had overcome the presumptions against his right of recovery, and whether his proofs were satisfactory.
The plaintiff is undoubtedly correct in claiming that when a disinterested witness, who is in no way discredited, testifies to a fact within his own knowledge, which is not of itself improbable, or in conflict with other evidence, the witness is to be believed, and the fact is to be taken as legally established, so that it cannot be disregarded by court or jury, Kavanagh v. Wilson, 70 N. Y., 177, but the witnesses in this instance testified only to conversations overheard and admissions made, a dangerous species of evidence at best; for such declarations are apt to be misunderstood and misinterpreted, particularly when made by an aged and infirm woman, who has *247 already made provision in her will for the benefit of the person in whose favor the alleged admissions were made.
Inferences were to he drawn from the relations of the parties and the surrounding circumstances. The conversations were to be construed with reference to them, that the intent of the parties might be arrived at, and it may well be that the mother in speaking of compensation, may have had in mind the provisions of her will, in and by which the plaintiff received his full share of all her worldly goods. There was such a strong degree of improbability against the propriety of the claim made, that the question to be determined was one pre-eminently for the jury (a subject easier to settle in a particular instance than by generalization), nor is it surprising, in view of the circumstances, that the jury found in favor of the defendant. No error was committed and no injustice done. It follows that the judgment and order appealed from must be affirmed, with costs.
Gildersleeve, J., concurred.