(5 Misc. Rep. 149.)

### In re PERRY'S ESTATE.

(Surrogate's Court, Rockland County. September, 1893.)

1. EXECUTORS—ACCOUNTING—PAYMENT OF TAXES.
   An executor authorized to sell and convey testator's land will be allowed for taxes paid by him on the land, though the taxes were assessed after testator's death, as such payment was necessary to enable him to carry out the power of sale.
2. SAME—PAYMENTS MADE IN TESTATOR'S LIFETIME.
   An executor, on his accounting, will be allowed for moneys paid out during the lifetime and at the request of testator.
3. ASSUMPSIT—SERVICES TO NEAR RELATIVE.
   No recovery can be had for services rendered by a near relative, where the parties live together as members of the same family, without proving an express promise to pay, or proving facts and circumstances from which a promise may be plainly inferred.

Accounting by John N. Perry, as executor of the will of Mrs. Perry, his mother.

Abram A. Demarest, for executor.
Arthur S. Tompkins, for contestants.

WEIANT, S. The testatrix died on or about June 18, 1889, leaving a last will and testament, bearing date December 5, 1885, and a codicil thereto, bearing date February 1, 1886. By her said will the testatrix first ordered and directed that all her debts and

'funeral expenses be paid out of her estate as soon after her death -as practicable by the executor of her will. She then bequeathed -and devised all the rest, residue, and remainder of her estate, real -and personal, to Margaret Perry, the wife of her son, John N. Perry, the executor, and to Franklin T. Perry, her grandson, and son of her deceased son, Theodore Perry, share and share alike, their heirs -and assigns, forever. She appointed her said son the sole executor -of her will, and authorized and empowered him as such to sell any part of her real estate for the payment of her debts and funeral expenses, and to give and execute good and sufficient deeds of the same to the purchaser. In and by her said codicil the testatrix bequeathed her silverware to her said daughter-in-law, Margaret Perry, and gave all the rest of her household furniture to the chil- -dren of her said son, the executor. The will in all other respects was confirmed.

The executor filed his accounts herein charging himself in Sched- -ules A and B thereof with household goods of the value of $65.55, and with proceeds of the sale of real estate $3,110, making an ag- gregate of $3,175.55. He credits himself with the sum of $65.55, the appraised value of the household goods, having delivered the -same to the legatees to whom the goods were bequeathed. In Schedule C the executor credits himself with various payments for 'burial expenses, expenses of administration, taxes, repairs, etc., ag- -gregating $1,627.06; and in Schedule D with a payment to his said wife, and legatee and devisee, Margaret Perry, of $1,000, on account -of a claim presented by her and allowed by the executor for serv- ices rendered by her and other members of the executor's family, and of which claim she is the assignee from her said husband. These credits may stand, except as hereinafter disallowed. Objec- -tion is taken to the allowance of these credits, because it is claimed that the same are not supported by vouchers. The contestant's counsel is in error in that respect. Vouchers for nearly all these payments have been produced and filed; and with the exception of the payment of the bond and mortgage of $800, and one payment thereon of $24 interest, the other items, for which vouchers have not been produced, are all under the sum of $20, for which payments the production of vouchers is not necessary, when they are sus- -tained by other proofs, as in this case. Code Civil Proc. § 2729.

Objection is taken to the allowance of the item of $13.41 in :Schedule C, and the one of $8.90 in Schedule D. These payments were for repairs or improvements in the way of painting and kal- -somining, and materials therefor, upon the interior of the dwelling -occupied by the testatrix in her lifetime, and after her death by the executor and his family, up to the time of the sale thereof by the executor under the power of sale in the will. The voucher for the $13.41 shows that this work was done and materials furnished 'October 1 and 2, 1889, and appears to have been paid October 3d -of the same year. The voucher for the $8.90 discloses that the services therein charged for were rendered, and materials supplied, April 26, 1889. Of these items the first cannot be allowed, because it arose after the death of the testatrix, and therefore constitutes

no debt of hers; and neither is it allowable to the executor as a repair or expenditure for the preservation of the estate, as he had no legal authority to incur the same as executor. At the time of that expenditure as executor he had no control or custody of the real estate. The title and control thereof were in the devisees. As to the other item of $8.90, it should stand as a credit. That arose before the death of the testatrix, and therefore presumptively constituted a debt against her estate. The executor did not pay the same until after her death; and although he advanced the money for the purpose of such payment out of his own funds, he is entitled to be reimbursed out of the estate. Broome v. Van Hook, 1 Redf. Sur. 444.

The payments for attorneys' charges and counsel fees, of $25, $50, and $10, in Schedule C, to which objections were interposed, are allowed. The evidence shows that the same were proper and necessary in the administration of the estate, and that the charges are not unreasonable.

The contestant objects to the allowance of the payment of the items for taxes, appearing in Schedule C. The first item, of $69.67, is for a payment to the state comptroller of the unpaid state and county taxes, and interest thereon, of the years 1889 and 1890, and the school tax of 1888, assessed upon the house and lot of which the testatrix died seised and possessed, and devised under her said will, and sold by the executor under the power of sale thereunder. The payment appears from the voucher to have been made March 3, 1893. The school tax of $12.93, for the year 1888, having been assessed prior to the death of the executrix, constituted a debt against her estate, (In re Noyes, 3 Dem. Sur. 369,) and the payment was properly made by the executor out of the same. In re Babcock, 115 N. Y. 450, 22 N. E. Rep. 263. The other items of the payment were for taxes assessed after the death of the testatrix, and did not, therefore, constitute a debt against her estate. But the same were liens upon the real estate whereon the same were assessed, and in carrying out the power of sale under the will, it would seem that it was essential that he should discharge those liens. It would seem from the language of the will as to this power, that the testatrix contemplated that a good title should be given; and, further, in one of two ways, these taxes, as well as the mortgage, being liens upon the property, must be discharged by the estate. The executor must have discharged the same, as he did, out of the proceeds of the sale, or else the purchaser must purchase subject to the same, and a consequent deduction be allowed from the purchase price. This seems to have been expressly provided for under subdivision 2 of section 2793 of the Code. Stilwell v. Melrose, 15 Hun, 378. In either event, the residue will be precisely the same, and no injustice is done the legatees or devisees by the allowance of the payment. The payment is accordingly allowed to the full amount thereof. Indeed, it might well be that the executor is only chargeable with, and should have charged himself with, but the balance of the purchase price of $3,110, less these liens and incumbrances. The same may be said of the item of village taxes

paid and included in the item, $73.92. Of these items in this payment, the 1889 tax of $12.50 was assessed prior to the death of the testatrix; the others after. For like reasons, above assigned, the credit should stand. The item of $14.70 is for the village tax of 1887. The voucher so shows, and from its date—August 2, 1888—appears to have been paid in the lifetime of the testatrix. The question as to that payment is thus presented in a somewhat different form, but I think the result should be the same. The executor should have, in such a case, made out a claim for any and all such payments so made by him in the lifetime of the testatrix in her behalf and at her request, and submitted the same on this accounting for determination in like manner as in other cases where he has a claim against the estate. He has not done so, however, but the same has, in reality, been substantially so disposed of. Upon his examination by the contestant's counsel, it was proven that the executor made such payments out of his own moneys, and at the request of the testatrix. That state of facts in law raised an implied agreement on her part to pay him, and, when made in compliance therewith, would constitute an indebtedness against her or her estate. And although the matter has not strictly taken the usual course of proceeding, yet, in substantial form, the same thing has been accomplished, without objection, and the item is accordingly allowed, as if determined and established in the usual method of claims made by personal representatives against the estate which they administer. The same may be said as to the items of $11.55, the school tax of 1888, and the village tax of 1888, of $14.70, and the same are also allowed. The items of $22.88 and $15.96 for other taxes assessed since the death of the testatrix are also permitted to stand for reasons above given. The item of $25.89 is allowed for the like reasons as above stated as to other taxes paid in the lifetime of the testatrix. As to these payments, the objection to the allowance of the interest paid thereon by the executor is not well taken, as he had no estate funds in hand until after the sale of the real estate in January, 1893. The proof as to the insurance premiums is insufficient to sustain the whole item of $19. I find but one voucher of $4, and the evidence is not sufficient as to the remainder. The determination of this item is reserved for further consideration upon the settlement of the decree. Vouchers should be filed if the objection is insisted upon on that ground, showing payment of the $800 bond and mortgage, and the $24 interest claimed to have been paid for the six months ending November 1, 1889. The items of $15 and $10, for expenses of this accounting, should not appear in the accounts, but should form a part of the bill of costs presented for allowance and taxation upon entry of the decree. The item of $6 will be allowed if the usual affidavit is attached to the voucher, and showing that the testatrix was the subscriber for the newspaper.

We are now brought to the consideration of the two disputed matters arising upon claims against the estate,—one the claim of Mary E. Kent, the widow of the deceased son of the testatrix, upon the alleged note of the testatrix for $800, and interest thereon; and

the other of Margaret Perry, the wife of the executor, and as his assignee, for services in boarding and caring for the testatrix during the last three or four years of her life. As to the claim of Mrs. Kent, the only question which this court is called upon to determine, and which it has jurisdiction to hear and decide, is whether or not the claim has been disputed and rejected or established and allowed. If rejected, this court has no jurisdiction to decree its payment. Lambert v. Craft, 98 N. Y. 342. From the evidence there is but one legitimate conclusion to be drawn. It is clearly proven that this claim was presented to the executor in June, 1890, in behalf of Mrs. Kent, and thereafter, within about 20 days, by written notice, the same was rejected by the executor, accompanied with an offer to refer the claim, as provided by statute. That being so, this court has no further power to hear the matter, and the claimant must resort to some other tribunal, and there seek redress, if any she has, as she may be advised. Id. The claim of Mrs. Perry to the amount of $1,394, was made out and presented to the executor, her husband, who admitted the same, and has since paid her, he claims, the sum of $1,000 on account thereof, and credits himself for such payment in his accounts. By the allowance of the claim it may technically be regarded and considered as an established claim, so as to give this court jurisdiction to consider and pass upon the question of the legality of the payment thereof or thereon in this proceeding. But the validity of the claim and legality thereof for the purpose of this accounting are nevertheless open to investigation and determination as between the executor and the contestant; for an executor cannot by his own personal action make an illegal claim against the estate that he is administering a valid one as against the parties interested in the estate, so as to preclude such parties from having a trial and determination of his acts in that respect upon a judicial settlement of his accounts. Redf. Pr. (3d Ed.) 537; In re Strickland's Estate, (Surr.) 5 N. Y. Supp. 851, and cases cited. That brings us to a consideration of this claim, and a determination of its validity for the purpose of this judicial settlement of the accounts. From the evidence I have reached the conclusion that the claim is not a legal one against the estate. As has been stated, it is one for services in caring for and nursing the testatrix during the last years of her life. The evidence shows that these services were rendered substantially by the claimant, as the wife of the executor, and by two daughters of the executor. The testatrix and her said son, the executor, and his said wife and daughters, constituted and lived together as one family, and made their home in this dwelling, which belonged to the testatrix. They formed one household, and lived thus, without charge for rent or use thereof, or anything being said about it. Nothing appears to have ever been said as to any compensation to any one for any services rendered for the testatrix, and no promise whatever was made as to payment therefor. Under such a state of facts as exists in this matter the law will not imply a promise to pay for services such as these in question. The rule is well settled, and repeatedly reiterated by the legal authorities, that, as between near

relations, board furnished and services rendered do not raise an implied promise to pay for the same, as in the case of strangers. Terry v. Bale, 1 Dem. Sur. 452, and cases there cited. The law will not imply a promise to pay for services or board and lodging furnished by near relatives, but, on the contrary, will assume that they were rendered and furnished gratuitously, unless an express promise is shown, or evidence given showing that there was an expectation to pay on both sides. Lynn v. Smith, 35 Hun, 275. That case was one of the rendering of the services by husband and wife. The claim was disallowed. In Havens v. Havens, (Sup.) 3 N. Y. Supp. 219, cases are cited, and the rule reiterated, that no recovery can be had for services rendered by and between near relatives living on the same premises in common or as members of the same family, without proving an express promise to pay, or proving such facts or circumstances as to make such inference plain. So in Re Hughey, 7 N. Y. St. Rep. 732, a daughter's claim for services rendered her father as a member of his family was denied. So in case of a daughter-in-law. Roblee v. Gallentine, 19 Wkly. Dig. 153. The same rule applied in Ulrich v. Ulrich, (Super. N. Y.) 17 N. Y. Supp. 721, and cases there cited. The payment of the $1,000 on account of this claim of Mrs. Perry is not allowed, and, for the purpose of the distribution of the assets, the claim must be regarded as invalid. Shute v. Shute, 5 Dem. Sur. 1.

The counsel for the contestant makes the affirmative claim that the executor should, in addition to the assets with which he has charged himself, also be charged with the reasonable value for the use and occupation of the house and premises of the testatrix, which he occupied as a residence for himself and family for several years prior to her death, and subsequently, up to the time of the closing of the sale, in January, 1893. I do not think that the proofs and law applicable to that claim warrant such a conclusion. As to the period preceding the death of the testatrix, I do not see that the evidence sustains a promise to pay for the use of the premises. No express promise to pay is proved, and nothing appears to have been said at any time on the subject. And for like reasons above assigned, and under the principle affirmed by the authorities cited as to the claim for services rendered the testatrix, an implied promise to pay rental cannot be found. Unless it appears that a promise was made to pay, or the circumstances and facts warrant the inference or the conclusion that the minds of the parties met upon a promise to pay, no liability is proven. As to the claim for services, so as to this, a promise to pay cannot be predicated upon the facts and circumstances. The fair and clear inference as to both claims is that neither party intended to make any charge against the other, and the intention of the parties must prevail. As to any claim for use and occupation subsequent to the death of the testatrix, the executor cannot be charged therewith. That is a matter between him individually and the devisees.

Under this will the executor acquired no title to or control of the house and premises in question until he made the sale. The title and possession or right therein were in the devisees. Redf.

Pr. (4th Ed.) 430, and cases there cited; Id. 431; Ingrem v. Mackey, 5 Redf. Sur. 357, and cases there cited; Lent v. Howard, 89 N. Y. 169; In re Boyd, 4 Redf. Sur. 154. It was not a devise in trust until that event took place.

A surrogate's court has not jurisdiction to direct an administrator or executor to pay over funds in his hands, received by him and belonging to the widow and next of kin of the deceased, or to his devisees, which are not assets of the estate. In re Cooley, 6 Dem. Sur. 77, and cases there cited. Nor can the claim be predicated upon the delay or negligence of the executor to sell the real estate at an earlier day. He seems to have acted with prudence under the circumstances. In any event he has not been guilty of that degree of negligence which would hold him responsible for any loss. Let a decree be submitted accordingly for entry, accompanied by findings, costs to both parties payable out of the estate. Decree accordingly.