1. ADMINISTRATION—ALLOWANCE OF CLAIMS—BURDEN OF PROOF.

Where a claim allowed by an administratrix against a decedent's estate is objected to by creditors of the estate, the burden of showing that her allowance was proper rests on her.

2. ADMINISTRATION—CLAIMS—ALLOWANCE BY ADMINISTRATRIX — HEARING BEFORE REFEREE.

Where a creditor, whose claim against a decedent's estate had been allowed by the administratrix, failed to appear before the referee, pursuant to a citation, to establish his claim objected to by creditors, he relying on the admission by the administratrix and expecting her to establish his claim, such action being not unreasonable, the findings of the referee may be set aside, and the claimant permitted to introduce evidence to support his claim on payment of costs of the previous accounting before the referee.

Motion by a creditor of the estate of John W. Warrin for a rehearing before a referee on his claim. Motion granted.

Charles C. Nadal, for petitioner.
Stickney, Spencer & Ordway, for creditor.
Holmes & Adams, for contestant.

FITZGERALD, S. A creditor whose claim was disallowed by the referee upon the accounting in this matter, and who, although cited, failed to appear in the proceeding, now seeks to be allowed to appear therein, and be adjudged entitled to receive a pro rata payment on account of his claim. The claim was admitted by the administratrix, but the legality of her action was questioned by one of the other creditors, who filed objections thereto, and, upon the hearing, the referee sustained the objections, and found that the claim was not a valid charge against the estate or payable out of it. The administratrix

submitted no evidence whatever to sustain the claim or as to the circumstances which induced her to admit it, but rested her contention as to the right of the claim to be treated as a valid demand against the estate solely upon the fact that she had admitted its validity, and insisted that the burden of proving that her action was not proper was upon the objector. In this she was in error, as the referee properly held, and he disallowed the claim. In re Davis' Estate, Sur. Dec. 1892, p. 82. The action of the claimant, in failing to appear in the proceeding to protect his demand, was not wholly inexcusable, under the circumstances, as he might not unreasonably have felt that he was entirely safe in relying on the admission of the administratrix of the validity of his claim as an assurance that it would be paid, and I do not think that his action, or the mistaken position taken by the administratrix upon the trial in respect to the claim, should prevent further inquiry as to its legality. While this court has no power, except upon the written consent of the parties, as prescribed by the statute, to try a disputed claim of a creditor, yet where the claim has been allowed by the representative of the estate, as in the present instance, and the propriety of such allowance is assailed by the parties interested in the estate, either as creditors or otherwise, in pursuance of the right which the law accords to them to so do (In re Strickland's Estate [Sur.] 5 N. Y. Supp. 851; In re Perry, 5 Misc. Rep. 149, 25 N. Y. Supp. 216), it seems to me that the creditor, acting in support of the action of the representative, either by the assent of the latter, or possibly independent of it, where the representative is derelict in upholding or justifying his own action, has a right to be heard in support of the claim. Under the circumstances, I think this matter should be again referred, to afford the administratrix an opportunity to submit further evidence in respect to the claim in question, and that the moving party herein should be allowed to appear upon such reference, and take such proper action in aid of that of the administratrix as he shall deem necessary to protect his rights. This disposition of the matter is, however, made upon condition that the referee's fees, which have been paid by the respondent, be reimbursed to him by the applicant. None of the exceptions taken by the accountant to the report of the referee are tenable. In view, however, of the circumstances under which the referee sustained the objection to the allowance of the claim of the creditor, whose motion for a rehearing respecting such claim is decided simultaneously herewith, and for the reasons mentioned in such decision, I have, as stated herein, concluded to order a rehearing as to the claim.

Decree accordingly.